Margarita **ANDINO**, Plaintiff,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 81–C–1309.

United States District Court, E.D. Wisconsin.

May 22, 1985.

Thomas E. Bush, Milwaukee, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by Melvin K. Washington, Asst. U.S. Atty., Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for judicial review of a final decision of the Secretary of Health and Human Services ("Secretary"), denying the plaintiff's application for supplemental security income benefits provided under the Social Security Act, 42 U.S.C. § 1381a. On July 15, 1983, this Court remanded the matter to the Secretary for further proceedings. On remand, the Administrative Law Judge found the plaintiff disabled, and the Appeals Council adopted the decision of the Administrative Law Judge. The plaintiff received her past-due benefits on April 15, 1985.

The issue before the Court is the plaintiff's motion for judgment, in which the plaintiff requests the Court to enter final judgment for the plaintiff based upon the Secretary's decision to provide benefits after reconsideration on remand. The plaintiff is requesting the entry of final judgment as a preliminary step in her application for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. The plaintiff notes that this procedure was suggested in *Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984), which held that a social security claimant obtaining remand in the district court was not a prevailing party entitled to recover attorneys' fees under the EAJA until the Secretary makes a final decision to award benefits.

The government does not oppose the plaintiff's request for the entry of final judgment. Consequently, the plaintiff's motion will be granted. In addition, because this is a matter of first impression in this court, and because the issue is likely to be raised in other cases, this order will set forth the procedure which will govern similar requests in the future.

The EAJA establishes two prerequisites to any award of attorneys' fees. First, the Court must determine that the claimant was a "prevailing party." Second, the Court must find that the position of the government was not "substantially justified" and that no "special circumstances" make an award of fees unjust. The courts which have considered the question have split on whether a social security claimant who obtains a remand in the district court is a "prevailing party" prior to reconsideration by the Secretary. See cases cited in *Brown,* at 881. This issue is

not before the Court in this action, and I find that a claimant who is awarded and receives benefits after remand from the district court is entitled to the entry of final judgment as the prevailing party.

In future cases, a claimant who is awarded and receives benefits after remand from the district court and who seeks an award of attorneys' fees under the EAJA shall file a single motion requesting the entry of final judgment and an award of fees under the EAJA. The motion shall be accompanied by a brief in accordance with Local Rule 6.01. The clerk of court will enter judgment accordingly, and the request for fees will be considered timely filed under the EAJA, 28 U.S.C. § 2412(d)(1)(B), if the motion is filed within thirty days of the claimant's receipt of past-due benefits. Social security review cases which are remanded to the Secretary for further proceedings shall remain statistically closed unless a motion for entry of judgment and an award of fees under the EAJA is filed according to the procedure outlined above.

IT IS THEREFORE ORDERED that the clerk of court enter final judgment in favor of the plaintiff Margarita Andino.