**Joann CLAY,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. No. 83–508–D.

United States District Court,
D. New Hampshire.

July 18, 1986.

Charles D. Burkam, Somersworth, N.H., for plaintiff.

Susan L. Howard, Asst. U.S. Atty., Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this action, plaintiff Joann Clay ultimately succeeded in her lengthy effort to procure Supplemental Security Income benefits ("SSI") pursuant to Title XVI, 42 U.S.C. §§ 1381–1383. While waiting for her benefits award, she was required to accept welfare benefits from the State of New Hampshire, and, accordingly, when the award was made the defendant reimbursed plaintiff's SSI benefits directly to the State.

Plaintiff's counsel has moved the Court for an award of counsel fees either (1) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, or (2) pursuant to 42 U.S.C. § 406(b)(1).[1] Defendant objects to an award pursuant to EAJA, but graciously suggests that it does not oppose an award pursuant to Title XVI. However, defendant argues that inasmuch as no provision exists for the defendant to withhold from the SSI benefits any sums for payment of attorney fees, counsel will have to negotiate for payment of same directly with his impecunious client.[2]

On February 7, 1984, this Court issued its initial order remanding the action to the defendant for the taking of additional testimony. Exceeding the scope of remand, the Administrative Law Judge, subsequently affirmed by the Appeals Council, again denied benefits to the plaintiff. On its reappearance before the Court, an Opinion was issued on December 20, 1985, which reversed and remanded for the computation of SSI benefits in favor of plaintiff. Judgment on such Opinion was entered on December 23, 1985.

---

1. 42 U.S.C. § 406(b)(1) provides in pertinent part that

 [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled to by reason of such judgment. . . .

2. Procedurally, when a fees award is made in a Social Security disability case under 42 U.S.C. § 406, the Secretary withholds up to 25 percent of the benefits due and owing the claimant until the amount of the award has been established. Payment is then made from such withholding directly to claimant's counsel.

### 1. The EAJA Claim

 Without question, the EAJA may be invoked in cases concerning Social Security benefits. *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982) (per Loughlin, J.); *Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985); *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Vascera v. Heckler,* 624 F.Supp. 1198 (D.R. I.1985). However, as the statute is a limited waiver of sovereign immunity, it is to be narrowly construed and strictly observed. *Lane v. United States,* 727 F.2d 18, 20, 21 (1st Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 113, 83 L.Ed.2d 57 (1984); *Rhode Island Committee on Energy v. General Services Administration,* 561 F.2d 397, 405 (1st Cir.1977).

EAJA requires that the application for attorney fees be submitted to the Court "within thirty days of final judgment in the action", 28 U.S.C. § 2412(d)(1)(B). The 1985 amendments of the statute, which have retroactive application to cases pending, *McQuiston v. Marsh,* 790 F.2d 798 (9th Cir.1986); *Herron v. Bowen,* 788 F.2d 1127 (5th Cir.1986); *James v. United States Department of Housing and Urban Development,* 783 F.2d 997 (11th Cir.1986), define a final judgment to mean "a judgment that is final and not appealable". 28 U.S.C. § 2412(d)(2)(G).

As indicated above, judgment on the order of this court entered on December 23, 1984. As a federal agency was involved, there was a 60–day period thereafter for the filing of an appeal. Rule 4(a)(1), Fed.R. App.P. The appeal time therefore expired on February 21, 1986, and counsel had thirty days thereafter, or until March 23, 1986, to file his application for fees in this court.

Such application was not filed in this court until April 3, 1986.

 The affidavit of April 23, 1986, seeks to excuse this late filing on the ground that with knowledge of her inability to concur in an extension of the time limits, plaintiff's counsel contacted local defense counsel on March 12, 1986, subsequently dictated the necessary papers in support of his application on March 16, and then left the country. On his return, he found that, contrary to his instructions, the application and supporting documents had not been mailed to this court in time to meet the deadline of March 23, 1986.

Upon due review of the circumstances outlined by counsel, I find and rule that they do not constitute that stuff of which "excusable neglect or good cause" are made within the meaning of Rule 4(a)(5), Fed.R.App.P.

And counsel misplaces reliance on the decision in *Andino v. Heckler,* 609 F.Supp. 293 (D.Wis.1985), which he cites as authority to extend the time for filing of an application under EAJA until a date thirty days after receipt of past-due benefits by the claimant. The facts in *Andino* were that the court had remanded the case, and the administrative proceedings, without further court intervention, resulted in an award.[3] Such circumstances have no application to the instant case, where the final judgment was issued by this Court.

For the reasons hereinabove indicated, I find and rule that inasmuch as counsel's application for an award of fees under EAJA was untimely, the Court is not in a position to act favorably thereon, and such application in that regard must be and is herewith denied.

---

**3.** This Court has recently faced and resolved the near-identical issue in *Lenz v. Secretary of Health and Human Services,* —— F.Supp. ——, C. 84–194–D (D.N.H. May 2, 1986), wherein, after remand, the administrative process resulted in an award in behalf of claimant, but, of course, such favorable proceedings were unknown to the Court. The Court accordingly directed that in *Lenz* and all other cases of its type there

could be no "final judgment" for the purposes of EAJA until the Court was notified by the defendant as to the favorable decision, and the Court therefore directed that it should be so notified within 30 days of a favorable award in the administrative process, following which the Court would enter a final judgment and counsel would then have 30 days from such final judgment to file an application under EAJA.

## 2. The Claim Under Title XVI

■ Defendant's concession that an award of fees pursuant to Title XVI is warranted is well taken. Although that statute does not specifically import in its terms the provisions of 42 U.S.C. § 406, it does mandate that where there has been an adverse final administrative determination with regard to SSI benefits such determination "shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determination under section 405 of this title." 42 U.S.C. § 1383(c)(3). Accordingly, what I find to be the better-reasoned judicial decisions have held that where an award of SSI benefits results from such judicial review, counsel is entitled to claim from such benefits a fee not to exceed 25 percent thereof, as is the case with Title II benefits pursuant to 42 U.S.C. § 406(b)(1). *Reid v. Heckler,* 735 F.2d 757 (3d Cir.1984); *Howard v. Bowen,* 633 F.Supp. 495 (N.D.Ill.1986); *Mullanix v. Heckler,* 624 F.Supp. 529 (E.D. Ky.1986); *Kovar v. Heckler,* 622 F.Supp. 967 (D.Ohio 1985); *Adams v. Secretary of Health and Human Services,* 596 F.Supp. 449 (N.D.N.Y.1984). The rationale for such ruling has been aptly stated as follows:

> There are strong policy reasons for deducting attorney fees from Title XVI awards. The legislative history of § 1383(c)(3) indicates that Congress' intent was 'to provide *the same rights to ... judicial review* with respect to claims under title XVI (Supplemental Security Income) of the Act as apply to title II ... under [42 U.S.C. § 405(g) ],' S.Rep. No. 550, 94th Cong., 1st sess. 2, *reprinted in* 1975 U.S.Code Cong. & Ad.News 2349, 50 (emphasis added). Accordingly, by enacting § 1383(c)(3) Congress intended that Title XVI and Title II claimants be afforded an equal opportunity for judicial review. However, Title XVI claimants will not receive such an opportunity for judicial review unless they can secure competent legal representation.

> There is little incentive for attorneys to litigate Title XVI claims if they are not assured of receiving compensation for their successful efforts. A primary congressional purpose in enacting § 406(b)(1) was to encourage effective representation of claimants by assuring lawyers that they would receive reasonable fees directly through certification by the Secretary. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.1970), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970); *Social Security Amendments of 1965: Hearing on H.R. 6675 Before Senate Comm. on Finance,* 89th Cong., 1st Sess. 512–513 (1965). The need to assure lawyers that they will receive compensation is even stronger in the Title XVI context.

*Howard v. Bowen, supra,* 633 F.Supp. at 498.

■ Nor can defendant avoid payment from the SSI benefits to counsel for his fees by the medium of seeking to pay all of such benefits directly as reimbursement to the State of New Hampshire. In *Reid v. Heckler, supra,* the Commonwealth of Pennsylvania "agreed to pay its proportionate share of the fee for the attorneys' efforts in recovering the state's lien." 735 F.2d at 759. But where the defendant Secretary has acted without seeking to insure that a proper proportion of SSI benefits is withheld for payment of attorney's fees, no reason appears why this Court should react differently than did the Court in *Kovar v. Heckler, supra,* wherein it is stated,

> [s]ince the Secretary has unfairly deprived [the attorney] of the fee awarded by the Court by paying the welfare department and refusing to certify the correct amount of fees in the past-due benefits, she will bear the burden of recapturing the correct amount of benefits from the claimant.

*Id.,* 622 F.Supp. at 972.

Here, the defendant Secretary can make such arrangements as he desires with the State of New Hampshire to recoup such funds as are necessary for payment to

claimant's counsel for an award of fees pursuant to Title XVI.[4]

### 3. Computation of the Fees Award

 As of the end of March 1986, the SSI benefits paid to the State of New Hampshire in behalf of plaintiff totaled $16,825.10. The fact, however, that 42 U.S.C. § 406(b)(1) furnishes a guideline does not mean that in most—indeed, probably not in all—cases should counsel receive the full 25 percent of benefits as an award. The Court must examine the circumstances of the case and the hours reasonably expended which lead to the favorable result.

▇ Counsel here has detailed a total of 85.2 hours[5] which he considers to have been necessary to arrive at the favorable result in this litigation. I find this to be excessive and unreasonable by the total sum of 44.1 hours,[6] and therefore reduce the total reasonable hours necessary for the result herein to 40.1 hours.

Allowing the sum of $65 per hour for this 40.1 hours, the Court computes a total award of $2,606.50 and directs that the defendant is to see that payment is made directly to claimant's counsel in such sum for his services in procuring a successful award of Title XVI benefits for this claimant.

### 4. Conclusion

In sum, the Court has found and ruled that in any case where counsel for a claimant has been successful in procuring an award of SSI benefits pursuant to Title XVI, 42 U.S.C. § 1381–1383, the congres-sional mandate that judicial review shall be as in Title II claims carries with it the requirement that from any successful award of such benefits payment be made directly to counsel and for this purpose that the Secretary of Health and Human Services should withhold payment of up to 25 percent of such SSI benefits until a final award has been computed and judgment has been entered thereon.

SO ORDERED.

---

4. Indeed, the applicable New Hampshire statute, Revised Statutes Annotated chapter 167:14–a II (Supp.1985), contemplates that where, as here, a recipient of welfare assistance has a valid claim against another person or agency, "the amount of assistance furnished may be recovered in an action brought in the name of the state from such person or party against whom the recipient has a legally cognizable claim for expenses or support." Certainly if the state contemplates an action is brought, it contemplates that an attorney will be involved and that such attorney necessarily will have to be compensated.

5. As submitted to the Court, the total is 84.2 hours, but recomputation results in the total of 85.2 hours.

6. Specifically, the Court deducts for services in drafting of briefs 5 hours on Jan. 6, 1984; 4 hours on Jan. 7; 7 hours on Jan. 8; and 6 hours on Jan. 9, for a remainder of 17.6 hours from the 39.6 hours incurred for services in 1983 and 1984. On March 28, 1985, the Court deducts .6 hours from drafting; on Apr. 9 1 hour from preparing motions; on Sept. 9 1 hour from drafting; on the same date 7 hours from research; on Sept. 11 5 hours from drafting; 7 hours on Sept. 12 for the same reason; 1 hour on Sept. 13 from preparation of motions; and .5 hours on Sept. 16 for final review and filing. Thus deducted are 23.1 hours from the 45.6 hours of services rendered between March 22 and Dec. 28, 1985, before the Court.