854 F.2d 313
 22 Soc.Sec.Rep.Ser. 594, Unempl.Ins.Rep. CCH 14125A
Clifford E. GOODRO, Appellant,
v.
Otis R. BOWEN, Secretary of the Department of Health and
Human Services of the United States of America, Appellee.
 No. 87-5315.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1988.
Decided Aug. 17, 1988.
 
 James D. Leach, Rapid City, S.D., for appellant.
 Jeffrey C. Blair, Denver, Colo., for appellee.
 Before JOHN R. GIBSON and BEAM, Circuit Judges, and BENSON,* District Judge.
 BEAM, Circuit Judge.
 Clifford E. Goodro appeals from the district court's order denying his motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A) (Supp. III 1985).[1] For the reasons set forth below, we affirm.
 
 I.
 
 1
 In June 1975, Goodro was awarded insurance benefits based on a disability commencing in April of 1973. His disability was reviewed pursuant to the continuing review policy in effect. The Secretary of Health and Human Services notified Goodro that medical evidence in his file showed that as of June 1982 he was no longer disabled and that his benefits would end in August 1982. See 42 U.S.C. Sec. 423(a)(1)(D) (1982). After this decision was affirmed by an administrative law judge and sustained by the Appeals Council, Goodro appealed to the district court. While the action was pending, Congress passed the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794. The Reform Act required that disability termination cases pending as of September 19, 1984, be remanded to the Secretary for a reevaluation under the newly codified medical improvement standards. Accordingly, the district court remanded this case to the Secretary. In December 1986, Goodro's disability benefits were reinstated and he was awarded $3,955.20 in past-due benefits.[2] Goodro then moved the district court for attorney's fees and costs totalling $3,180.73 under the EAJA. This motion was denied. In an opinion dated June 1987 the district court determined that Goodro was a prevailing party for purposes of the EAJA, but that the Secretary's position was substantially justified.
 
 II.
 
 2
 This court reviews the denial of an EAJA award under an abuse of discretion standard. Truax v. Bowen, 842 F.2d 995, 997 (8th Cir.1988); Gamber v. Bowen, 823 F.2d 242, 244 (8th Cir.1987). Under this standard the district court's conclusions of law are reviewed on a de novo basis and its findings of fact are reviewed for clear error. Gamber, 823 F.2d at 244; Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987).
 
 III.
 
 3
 Under the EAJA,
 
 
 4
 [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action * * *, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 5
 28 U.S.C. Sec. 2412(d)(1)(A).
 
 
 6
 Appellant Goodro argues that the Secretary's position was not substantially justified. He claims there was no substantial evidence that his condition had materially improved since he was found disabled. Goodro also maintains that he was the prevailing party but, even if not, that this issue was waived by the appellee because it was not raised in district court.
 
 
 7
 The Secretary argues that Goodro was not a prevailing party under Truax and Brouwers and, therefore, that he does not meet the threshold requirement for eligibility for EAJA attorney's fees. In addition, the Secretary maintains that his position that Goodro could perform sedentary work was reasonable and well-founded in fact and law and, accordingly, substantially justified.
 
 
 8
 "It is well accepted * * * that without filing a cross-appeal or cross-petition, an appellee may rely upon any matter appearing in the record in support of the judgment below." Blum v. Bacon, 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 2359 n. 5, 72 L.Ed.2d 728 (1982); Dandridge v. Williams, 397 U.S. 471, 475-76 n. 6, 90 S.Ct. 1153, 1156-57 n. 6, 25 L.Ed.2d 491 (1970). The prevailing party issue was not argued before the district court. The district court's opinion, however, considered the matter.
 
 
 9
 Being a prevailing party is a requirement for eligibility for EAJA attorney's fees. Here, the Secretary urges that the district court was correct in denying attorney's fees under EAJA, but that the district court should have also ruled that Goodro was not a prevailing party. We agree. This case is controlled by Truax.
 
 
 10
 Under Eighth Circuit law, when remedial action by the defendant moots the lawsuit before trial, a party will be considered a prevailing party if his lawsuit was "a 'catalyst' that brought about or prompted the defendant's remedial action." Truax, 842 F.2d at 997, citing Williams v. Miller, 620 F.2d 199, 202 (8th Cir.1980) (per curiam). In Truax, as here, the claimant had disability benefits terminated and later reinstated after a remand prompted by the Reform Act of 1984. In Truax, this court said, "even granting that Congress' enactment of the Reform Act was partly a result of the thousands of suits filed by terminated claimants against the Secretary," the link between the individual's lawsuit and Congress' action is "too tenuous to satisfy the catalyst test." Truax, 842 F.2d at 997.
 
 
 11
 This court may affirm the district court's decision on grounds different from those relied on by the district court. United States v. Lewellyn, 723 F.2d 615, 617 (8th Cir.1983). Thus, we hold that Goodro was not a prevailing party for purposes of the EAJA. We, therefore, need not address the issue of whether the Secretary's position was substantially justified.
 
 
 12
 The judgment of the district court is affirmed.
 
 
 13
 BENSON, Senior District Judge, concurring.
 
 
 14
 I concur that the link between Goodro's lawsuit and Congress's action is "too tenuous to satisfy the catalyst test," and suggest this court's holding in Truax and in the present case that the appellant was not the prevailing party is supported by the legislative history of the Reform Act of 1984.
 
 
 15
 The district court's remand of Goodro's case to the Secretary for reevaluation under the newly codified medical improvement standards terminated the litigation. Goodro was awarded benefits at the administrative level, which award did not entitle him to attorney's fees under the EAJA.
 
 
 16
 Section 2(d)(4) of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460, 98 Stat. 1794, 1798 provides:
 
 
 17
 The decision by the Secretary on a case remanded by a court pursuant to this subsection shall be regarded as a new decision on the individual's claim for benefits, which supersedes the final decision of the Secretary. The new decision shall be subject to further administrative review and to judicial review only in conformity with the time limits, exhaustion requirements, and other provisions of section 205 of the Social Security Act and regulations issued by the Secretary in conformity with such section.
 
 
 18
 This court's decisions in Truax and the present case are clearly in compliance with the congressional intent as set out in S.Rep. No. 466, 98th Cong., 2d Sess. 14 (1984):
 
 
 19
 Insofar as the Committee has not provided for cases that are no longer live and properly pending on the date of enactment to be reopened and reconsidered, this provision merely restates existing law that precludes judicial review of administrative denials of claims that the claimants themselves allowed to become final. Califano v. Sanders, 430 U.S. 99 [97 S.Ct. 980, 51 L.Ed.2d 192] (1977). And because the new medical improvement standard will be applied to claims that are not stale; that is, claims that are live and properly pending in the administrative appeals process or in court on the date of enactment--there will be no further litigation on the medical improvement issue in connection with those claims either. The combined effect, then, will be to eliminate all of the current litigation on the medical improvement question under existing law and to start afresh under the new statutory standard.
 
 
 
 *
 The HONORABLE PAUL BENSON, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 Originally Goodro appealed a second district court order denying his motion for attorney's fees which are authorized for work at the administrative level. See 42 U.S.C. Sec. 406 (1982) and 20 C.F.R. Sec. 404.1720 (1987). This issue has been settled and is no longer before this court
 
 
 [2]
 Goodro had been receiving interim benefits as allowed under 42 U.S.C. Sec. 423(g)(1) (1982 and Supp. III 1985)