**Almeta WATSON, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 86–6493–FR.**

United States District Court, D. Oregon.

May 3, 1990.

Ralph Wilborn, Eugene, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Craig J. Casey, Asst. U.S. Atty., Portland, Or., and Gary J. Thogersen, Special Asst., U.S. Atty., Seattle, Wash., for defendant.

## OPINION

FRYE, District Judge:

The matters pending before the court are:

1) plaintiff's motion (# 42) for approval of attorney fees pursuant to 42 U.S.C. § 406(b);

2) plaintiff's application (# 30) for fees and expenses pursuant to the Equal Access to Justice Act (EAJA);

3) defendant's motion (# 35) to dismiss plaintiff's application under the EAJA; and

4) plaintiff's motion (# 37) to reopen the previously remanded social security case for entry of judgment.

## BACKGROUND

On November 20, 1987, this court entered judgment in favor of defendant, Otis R. Bowen, Secretary of Health and Human

Services (the Secretary), finding that there was substantial evidence in the record to support the conclusion of the Administrative Law Judge (ALJ) that plaintiff, Almeta Watson, was not disabled within the meaning of the Social Security Act, as amended, 42 U.S.C. § 405(g) (the Act).

On July 17, 1989, the Ninth Circuit Court of Appeals reversed the judgment of this court and remanded this proceeding for further findings at the administrative level. 880 F.2d 417. Pursuant to the mandate of the Ninth Circuit, this court remanded the case to the Secretary for further administrative hearings.

Pursuant to this court's mandate, a supplemental hearing was held before an ALJ. On November 20, 1989, the ALJ issued a decision finding that Watson was entitled to a period of disability commencing on June 14, 1985 and to disability insurance benefits under the Act continuing through the date of the decision. This decision was a decision favorable to Watson in its entirety. The Appeals Council took no action to review the decision of the ALJ. Therefore, the decision of the ALJ became final on January 19, 1990, when the sixty-day period during which the Appeals Council could have assumed jurisdiction expired. Watson filed the application before this court on February 26, 1990 seeking an award of attorney fees.

## DISCUSSION

Watson moves the court for an award of attorney fees in the amount of $7,385.25 pursuant to 42 U.S.C. § 406(b), which authorizes this court to award as attorney fees an amount not to exceed twenty-five percent of Watson's retroactive benefits.

Watson also moves the court for an award of attorney fees and expenses in the amount of $8,664.31 under the Equal Access to Justice Act, 28 U.S.C. §§ 2412 *et seq.* (EAJA), on the grounds that she is the prevailing party and meets the requirements of the EAJA as to net worth and timely application. Watson also argues that she meets the first requirement of the EAJA, that the Secretary's position in this action was not substantially justified.

The Secretary moves to dismiss Watson's application under the EAJA on the grounds that it was not timely filed and the Secretary's position was substantially justified.

1) *Timeliness*—The government argues that Watson filed her application in this court six days late. The controversy involves the last date upon which an application under the EAJA must be filed.

■ 28 U.S.C. § 2412(d)(1)(A) provides that a prevailing party in a suit against the United States or one of its agencies should receive attorney fees, costs and other expenses incurred in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." A party requesting such an award must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Final judgment means "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). The thirty-day time limit is jurisdictional. *Papazian v. Bowen,* 856 F.2d 1455, 1455–56 (9th Cir.1988).

The Secretary contends that the judgment in Watson's favor became "final" on January 19, 1990. That date is sixty days after the ALJ issued a decision favorable to Watson, and the date when the Appeals Council no longer had the right to elect to assert jurisdiction on appeal. The Secretary argues that the last business day to file the application for attorney fees under the EAJA was February 20, 1990, and that since this application was filed on February 26, 1990, it is not timely filed.

Watson argues that the application for attorney fees under the EAJA was not only timely filed, it was prematurely filed. Watson relies upon the cover sheet accompanying the decision of the ALJ dated November 20, 1989, which advises her that she has the right to appeal within sixty days of the date the notice is received. Watson contends that her attorney received the notice of the decision of the ALJ on November 27, 1989, and that she had sixty days thereafter to appeal the decision, or Janu-

ary 26, 1990. Watson exlains that thirty days after that date as provided by the EAJA would have been Sunday, February 25, 1990, and therefore she had until the close of business on Monday, February 26, 1990, to file her application. Accordingly, she asserts that her application is timely filed.

The Secretary replies that Watson had sixty days to appeal the decision of the ALJ only "if you think that the decision is wrong." Since the decision was entirely favorable to Watson, she had no right to appeal, and the appeal time does not affect the finality of the decision.

In *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990), the Appeals Council upon remand vacated the original decision of the ALJ rejecting Melkonyan's application and determined that Melkonyan was disabled as of the onset date that he alleged in his original application. Nearly one year later, Melkonyan filed a petition for attorney fees under the EAJA, and the district court denied the petition on the grounds that the position of the government was substantially justified. Melkonyan appealed. The circuit court on its own initiative denied the petition on the grounds that it was not timely filed, stating:

> We are faced with a problem not confronted by us in *Papazian:* If the remand order lacks finality, and there is no subsequent district court order, what event triggers the 30-day time limit prescribed by 28 U.S.C. § 2412(d)(1)(B)? We are forced to resolve this problem because our jurisdiction rests on its outcome.
>
> Pursuant to 28 U.S.C. § 2412(d)(1)(B), the 30-day time limit is triggered by a "final judgment in the action." Section 2412(d)(2)(G) goes on to define a "final judgment" as "a judgment that is final and not appealable." On May 7, 1985, the Appeals Council vacated the ALJ's original decision rejecting Melkonyan's application, and determined that he was disabled as of the disability onset date that he alleged in his original application. We must determine whether this decision constituted a "final judgment" within the

meaning of section 2412(d)(2)(G) and triggered the 30–day period for seeking EAJA fees under section 2412(d)(1)(B).

> As we held in *McQuiston [v. Marsh ]*, the 30–day period does not begin to run until the time to appeal expires. 790 F.2d [798] at 800 [9 Cir.1989]. Ordinarily, this means that the 30–day period will start 65 days after the date on the notice of the Secretary's determination of eligibility for benefits. *See* 20 C.F.R. §§ 416.1401, 1481, 1483 (1988) (60 days to seek district court review of the Appeals Council decision, plus 5 days between date of notice and date notice deemed received). However, where, as here, the Secretary determines that the claimant was disabled as of the disability onset date that the claimant alleged in his original application, the 30–day period begins to run immediately upon the decision of the Appeals Council. This rule is appropriate because the Secretary's decision is "not appealable" by either the claimant or the Secretary. We do not need to address the question of when the Secretary's remand decision which is either partially favorable or unfavorable to a claimant becomes a final judgment.

895 F.2d at 558.

■ Watson's case differs from *Melkonyan* only in that the final decision in Watson's favor was issued by the ALJ instead of the Appeals Council. The Secretary concedes that the decision of the ALJ is not a final decision for sixty days because the regulations then in effect allowed the Appeals Council to assume jurisdiction over the case within sixty days of the decision of the ALJ. However, at the point in time in which the Appeals Council had no further recourse, the decision was "final and not appealable." Since the Secretary determined that Watson was disabled as of the original application date of June 14, 1985, the decision was not appealable by the Secretary or the claimant as of January 19, 1990, sixty days after the date of the ALJ's decision.

Watson argues that *Melkonyan* was wrongly decided. However, this court is bound to follow that decision. Watson ar-

**974**

gues that *Melkonyan* should not be retroactively applied. However, the thirty-day time limit is jurisdictional, and the Ninth Circuit, on its own initiative, dismissed Melkonyan's petition as not timely filed.

Watson contends that while the ALJ's decision is favorable to her, she still has the right to appeal the decision in the event that she thinks the decision is legally or factually wrong. Watson points out aspects of the ALJ's decision with which she takes issue, but concedes that the decision to grant her the benefits she requested was favorable to her.

The "Notice of Favorable Decision" sent to Watson states: "This decision is favorable to you." It further advises her of her right to appeal "[i]f you think the decision is wrong." A favorable decision does not of necessity include all of the benefits that a claimant seeks. It is commonplace for those who have been determined eligible for benefits, for example, to disagree as to the onset date of the disability or as to the calculation of benefits. In this case, the ALJ determined that Watson was disabled as of June 14, 1985, the date that she claimed in her original application. As the Ninth Circuit stated in *Melkonyan:* "We do not need to address the question of when the Secretary's remand decision which is either partially favorable or unfavorable to a claimant becomes a final judgment." 895 F.2d at 558. Watson will receive all of the benefits to which she is entitled. The court concludes that she would have no basis upon which to appeal an entirely favorable ruling.

■ Watson moves the court to reopen this case for an entry of judgment affirming the Secretary's decision following remand. The only purpose for this request is to provide a new final judgment in order to start the time for filing an application under the EAJA for attorney fees. The court declines to do so because to do so will circumvent the jurisdictional nature of the thirty-day period provided in section 2412(d)(1)(B).

CONCLUSION

1) plaintiff's motion (# 42) for approval of attorney fees in the amount of $7,385.25 pursuant to 42 U.S.C. § 406(b) is granted;

2) plaintiff's application (# 30) for fees and expenses pursuant to the EAJA is denied;

3) defendant's motion (# 35) to dismiss plaintiff's application under the EAJA is granted; and

4) plaintiff's motion (# 37) to reopen the previously remanded social security case for entry of judgment is denied.