**Billy WILSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 85 C 6408.**

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1990.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., Elizabeth M. Landes, Asst. U.S. Atty., Gary A. Sultz, Asst. Regional Counsel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

Defendant, Louis W. Sullivan, M.D., Secretary of Health and Human Services ("Secretary"), moves to alter or amend the court's decision granting plaintiff's supplemental motion for attorney's fees under the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. The question turns on how to define "final judgment" under the EAJA. This issue has not been addressed by the Seventh Circuit and there is a conflict between other circuits on the matter. For the reasons herein stated, the court denies the Secretary's motion.

### BACKGROUND

On April 4, 1984, plaintiff filed an application for Supplemental Security Income benefits, alleging disability resulting from a heart condition. The application was denied initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ determined that in order to evaluate plaintiff's condition he needed additional information. He stated that he needed records from Cook County Hospital for 1980, 1981 and 1983. The ALJ also determined that an examination by a cardiologist was necessary. The cardiologist was to examine plaintiff's heart condition, as well as his joint and breathing problems associated with the heart condition. The ALJ requested a medical assessment and a treadmill test, if possible. He terminated the hearing upon reaching these conclusions.

Later, the ALJ sent a letter to plaintiff stating that he was to make an appointment with a certain internist named by the Secretary. Plaintiff, however, was out of state for at least a month. Plaintiff's cousin received the letter and promptly notified the Secretary of plaintiff's unavailability. The cousin did not inform plaintiff of the letter, however. Plaintiff's attorney never received a copy of the letter and was not notified that it had been sent. When plaintiff failed to respond, the ALJ denied benefits to him without considering the additional evidence originally determined to be necessary.

In August, 1985, plaintiff petitioned the court pursuant to 42 U.S.C. § 405(g) for review of the ALJ's decision. On June 3, 1986, the court denied both plaintiff's and the Secretary's motion for summary judgment and ordered the case remanded for further proceedings before the Secretary. On remand, a supplemental hearing was held and, on July 29, 1988, the Secretary issued a decision finding that plaintiff was disabled. In October, 1988, plaintiff filed a motion for EAJA fees for time spent litigating in *district court.* The Secretary did not object and the court granted plaintiff the full amount requested.

A year later, pursuant to the Supreme Court's decision in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), plaintiff filed a supplemental petition for EAJA fees for time spent at the administrative proceeding on remand. The Secretary objected to this request as untimely because it was not filed within 30 days of final judgment as required by the EAJA. 28 U.S.C. § 2412(d)(1)(B). Plaintiff responded that there was no "final judgment" in this case and so the 30-day period did not apply. The court found for plaintiff and instructed that he was entitled to fees for time spent on remand once a final judgment was entered. The Secretary now requests that the court reconsider this decision and alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e).

### DISCUSSION

#### I

■ The EAJA provides for the award of attorney's fees and other expenses to a prevailing party other than the United States in any civil action before a court having jurisdiction, unless the position of the United States was substantially justified or where special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A petition for fees must be filed within 30 days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). The 30-day requirement is jurisdictional and cannot be waived. *Olson v. Norman,* 830 F.2d 811, 821 (8th Cir.1987). *See also Vibra-Tech Engineers Inc. v. U.S.,* 787 F.2d 1416, 1419 (10th Cir.1986) ("EAJA constitutes a waiver of sovereign immunity and must be construed strictly"). The Secretary's only objection to plaintiff's supplemental fee petition is that it was not filed within 30 days of the date the Secretary's decision awarding plaintiff benefits on remand became final and nonappealable. Accordingly, the

sole issue is whether the EAJA's definition of "final judgment" encompasses ALJ decisions without subsequent affirmance by a district court.

The final judgment requirement appears in Section 2412 of the EAJA, the original text of which provides as follows:

"A party seeking an award of fees and other expenses shall, within thirty days of *final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...."

28 U.S.C. § 2412(d)(1)(B) (emphasis added). Upon the EAJA's renewal in 1985, Congress defined "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). Congress was no more specific in explaining the meaning of final judgment, and the term appears with varying definitions 151 times in other sections of the U.S.Code. *McDonald v. Schweiker,* 726 F.2d 311, 313 (7th Cir.1983). The Third and Fourth Circuits have concluded that a district court order following the administrative proceeding is a prerequisite for activating the 30–day fee application period. *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983); *Brown v. Secretary of Health & Human Services,* 747 F.2d 878 (3rd Cir.1984). By contrast, the Ninth Circuit has held that a ruling by the Secretary, where it is fully favorable to a claimant, is sufficient to constitute an EAJA final judgment. *Melkonyan v. Heckler,* 895 F.2d 556 (9th Cir.1990). This court follows the conclusions reached in *Guthrie* and *Brown.*

■ Essentially, the arguments of both plaintiff and the Secretary turn on how the court should interpret the procedural posture of its remand order. Plaintiff argues that the Secretary was obliged by statute to submit to the court a copy of the transcript and record of his proceedings on remand, after which the court was to enter a judgment affirming or reversing this decision. Plaintiff contends this type of judgment, once it becomes nonappealable, con-

stitutes the only "final judgment" for purposes of the EAJA. Such a judgment never was entered here. The Secretary responds that the court's remand order was itself final, and that if plaintiff was to recover his fees for time subsequently spent at the remand proceeding, he was required to apply within 30 days of *that* judgment, which itself became final and nonappealable.

The remand powers referred to by each party are codified at 42 U.S.C. § 405(g). Under this provision,

"[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. *The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for rehearing.* The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with

such regulations and the validity of such regulations. *The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.* Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions...."

42 U.S.C. § 405(g) (emphasis added). Hence, Section 405(g) provides for district court review of any final decision by the Secretary upon request of a claimant,[1] and affords the court authority to remand the action to the Secretary for further proceedings if that is warranted.

Significantly, Section 405(g) encompasses two distinct forms of remand—one in the fourth sentence and one in the sixth. The fourth sentence pertains to a final and immediately appealable judgment by the district court, which may or may not be accompanied with further instructions in the form of a remand order. *Sullivan v. Finkelstein,* —— U.S. ——, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990). In either case, the district court order is final and the matter is *not* to be returned to the district court except by way of a new civil action institut-

ed under the first sentence of Section 405(g). *Id.* By contrast, the sixth sentence of Section 405(g) allows the court to remand a case to the Secretary either upon the Secretary's motion prior to his filing an answer or upon the court's own motion where there is a showing of good cause for the need to collect additional evidence. After the proceedings on remand, the matter is returned to the district court for review of the new evidence "to the extent provided for review of the original findings of fact and decision." *See id. See also Taylor v. Heckler,* 778 F.2d 674, 677 (11th Cir.1985). Accordingly, unlike a fourth sentence remand, the court retains jurisdiction under sentence six.

The importance of this distinction is clear when read in light of *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), where the right to attorney's fees for proceedings before the Secretary was first established. Prior to *Hudson,* it was generally accepted that EAJA fees were recoverable only for time spent before a federal court, and not for proceedings at the administrative level. However, the Supreme Court relied on two principle aspects of the EAJA in deciding that fees were recoverable for certain agency proceedings as well. First, it noted that a remand order under Section 405(g) does not necessarily dictate a receipt of benefits from the Secretary. Rather, the claimant only will be a "prevailing party" under Section 2412(d)(1)(A) after the result of the ALJ hearing is known. *Id.* 109 S.Ct. at 2254–55. Second, the court emphasized that a remand order is not necessarily a final determination of the civil action and that the district court " 'retains jurisdiction to review any determination rendered on remand.' " *Id.* 109 S.Ct. at 2255 (quoting Brief for Petitioner 16, 16–17). For these reasons, the court concluded that a "final judgment" will not result until after completion of the ALJ proceeding and so, presumably, there is no principled reason why a claimant should not get his fees for time

---

**1.** 42 U.S.C. § 405(g) allows only "individuals" to appeal—the Secretary does not have standing to

appeal his own decision. *Jones v. Califano,* 576 F.2d 12, 18 (2nd Cir.1978).

spent litigating between the district court's remand and its "final judgment". *Id.*

The court's conclusion is premised in large part on the notion that under certain remand orders pursuant to Section 405(g), the district court retains jurisdiction over the action. In this respect, the court viewed the remand order and subsequent ALJ proceeding as but extensions of the Section 405(g) civil action. Specifically, the court stated that "[t]he detailed provisions for the transfer of proceedings from the courts to the Secretary and for the filing of the Secretary's subsequent findings with the court suggest a degree of direct interaction between a federal court and an administrative agency alien to traditional review of agency action under the Administrative Procedure Act." 109 S.Ct. at 2254. At another point, the court emphasized that, "[o]ur past decisions interpreting other fee-shifting provisions make clear that where administrative proceedings are intimately tied to the resolution of the judicial action and necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded." *Id.* 109 S.Ct. at 2255. The court never identified the

sixth sentence remand as being the one it referred to. However, only under the sixth sentence is the Secretary required to return to federal court and submit his updated findings in order to obtain a final judgment. Accordingly, to the extent such a remand is a unique fact-gathering tool aiding in the completion of the district court case, it is certain that neither the remand order nor the ALJ's decision can be final. The EAJA filing deadline thus would not apply at either of these stages.

By contrast, the court makes clear in *Sullivan v. Finkelstein* that a fourth sentence remand is a final judgment, and that the only way for the parties to return to district court is by way of filing a new civil action. 110 S.Ct. 2658, 2664. Based on this, the Secretary argues that the EAJA 30–day filing period would commence from the date the Secretary's decision on remand became final and nonappealable. However, as discussed below, the court concludes that the remand in this case was one pursuant to the sixth sentence and not the fourth, and so it need not reach this question. Nonetheless, there appear to be strong reasons to conclude that *Hudson* does not reach an ALJ decision on a fourth sentence remand under any circumstances.[2]

**2.** The analysis in *Finkelstein* suggests that, under a fourth sentence remand, the 30–day period begins when the Secretary issues his final decision and that decision becomes nonappealable. This clearly is a matter outside that decided in *Hudson.* In light of the prevailing view prior to *Hudson,* where fees were recoverable *only* from district court proceedings, as well as *Hudson's* view that a sixth sentence remand involves a continuing district court proceeding, it is likely that the Supreme Court intended fee awards to go no further. Several factors support this view.

To begin with, the plain language of both § 2412(d)(1)(A) and § 405(g) caution against an expansive reading of the EAJA's fee-shifting authority. Both provisions refer only to "civil actions" in delineating their respective scopes. The term "action" is defined as a suit brought in a court, not in a nonjudicial tribunal. *Black's Law Dictionary,* fifth edition, 26; *see also* Fed.R. Civ.P. 2 ("There shall be one form of action to be known as 'civil action'") and 3 ("A civil action is commenced by filing a complaint with the court"). Likewise, § 2412(d)(1)(A) describes civil actions as those brought in "any court having jurisdiction of that action," while § 405(g) provides that such actions shall be

"brought in the district court of the United States. . . ." § 2412(d)(1)(A) also includes within the meaning of "civil action" the "judicial review of agency action," but it never refers to fee recovery for time spent at the "agency action" itself. *See also* 28 U.S.C. § 451 (defining "court of the United States", "district court" and "agency"). By interpreting a sixth sentence remand as being part of the continuing district court litigation, the *Hudson* rationale conforms to this statutory language. *But see* 109 S.Ct. at 2258–61 (Justice White's dissent in *Hudson*). However, an entirely new ALJ proceeding following a final order by the district court likely would not.

Additionally, it appears Congress envisioned that fee awards should be limited to prevailing parties in adversary proceedings. As the dissent in *Hudson* points out, while § 2412 requires that the United States' position not be substantially justified, in proceedings before the Secretary the United States does not take a position because the proceedings are nonadversarial. 109 S.Ct. at 2259. Moreover, the EAJA's only provision for fee-shifting in an administrative proceeding explicitly limits this to adversary adjudications. 5 U.S.C. § 504(a)(1); *see also Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842

The majority of cases support today's conclusion that the Secretary's decision on a sixth sentence remand does not constitute a final judgment under the EAJA. In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), the Fourth Circuit held that such a remand is not a "final judgment" because it is not a final, appealable order. 718 F.2d at 106. Rather, the court held that Section 2412(d)(1)(B) required the Secretary to return to district court and obtain a judgment there before the 30–day period began. *Id.* The court also concluded that the EAJA required some final order *after* administrative review because the EAJA distinguished between final administrative actions and final judicial actions. *Id.*, comparing 5 U.S.C. § 504(a)(2) *with* 28 U.S.C. § 2412(d)(1)(B). Similarly, in *Brown v. Secretary of Health & Human Services*, 747 F.2d 878 (3rd Cir.1984), the Third Circuit held that the district court maintained jurisdiction over a case, even when the administrative decision was fully favorable to plaintiff, until the court entered its own final order disposing of the matter. 747 F.2d 878, 884–85. *See also Gutierrez v. Sullivan*, 734 F.Supp. 969 (D.Utah 1990); *Seymore v. Secretary of Health & Human Services*, 738 F.Supp. 235 (N.D.Ohio, 1990); *Thompson v. Sullivan*, 715 F.Supp. 1019 (D.Kan.1989); *Andino v. Heckler*, 609 F.Supp. 293 (E.D.Wis.1985); H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19–20 (1985), *reprinted in* 2 1985 U.S.Code Cong. & Admin.News 132, 148 (citing *Guthrie*). Both cases clearly were discussing sixth sentence remands.

In *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990), by contrast, it is not clear which form of Section 405(g) remand was involved. The court concluded, however, that where the Secretary's decision on remand is wholly favorable to the claimant,[3]

the decision is effectively nonappealable since the claimant would have no reason to appeal and the Secretary would be prohibited from doing so by virtue of *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir.1978). 895 F.2d at 558. Accordingly, the court concluded that such a decision was final. *Id.* The court also rejected the notion that district courts retain any substantive jurisdiction over a case after a remand order. Specifically, the court reasoned that while Section 405(g) required the Secretary to file additional findings and conclusions after remand proceedings, it did "not confer upon the district court any independent power to review the post-remand filing." *Id.* at 559. Rather, the court concluded that such review is made only by way of a new civil action filed under the first sentence of Section 405(g), and that given this, requiring a district court to enter a *pro forma* order affirming the Secretary's decision would unnecessarily tax overburdened judicial resources. *Id. See also Wagaman v. Bowen*, 698 F.Supp. 187 (D.S.D. 1988).

Several factors persuade this court not to follow *Melkonyan*. Most importantly, the Supreme Court's reasoning in *Hudson* defies *Melkonyan*'s conclusion that Section 405(g) does not afford the district court power to review the Secretary's conclusions after the remand. Moreover, the Supreme Court makes clear in *Sullivan v. Finkelstein* that the seventh sentence of Section 405(g) provides for the district court's power of post-remand review under sentence six. 110 S.Ct. 2658, 2664. In addition, it is significant that, in amending the EAJA in 1985, Congress specifically approved the *Guthrie* and *Brown* holdings that a district court order after the Secretary's post-remand filing constituted a "final judgment" triggering the 30–day peri-

(1971). The *Hudson* court refused to derive a negative implication from this as applied to nonadversary adjudications. However, it did so by stating that the EAJA is divided between "adversary adjudications" and "civil actions", but that this "does not speak to, let alone preclude, a reading of the term 'civil action' which includes administrative proceedings *necessary to the completion of the civil action.*" 109 S.Ct. at 2258. This distinction preserves the separation

between adversary and purely nonadversary proceedings—a separation that would be totally abandoned if proceedings following a fourth sentence remand were lumped under the § 2412 umbrella.

3. The court did not reach the issue of what outcome would result where the Secretary's decision was only partially favorable or totally unfavorable to the claimant. 895 F.2d at 558.

od. H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19–20 (1985), *reprinted in* 2 1985 U.S.Code Cong. & Admin.News 132, 148. Likewise, it should be noted that the Supreme Court also cites *Guthrie* with approval in *Hudson.* 109 S.Ct. 2248, 2255. For these reasons, the results in *Guthrie* and *Brown* shall be followed here.

Other than his citation to *Melkonyan,* the Secretary objects to this interpretation on two principle grounds. First, he argues that an award of fees to plaintiff would be inconsistent with the Seventh Circuit's definition of "final judgment" in *McDonald v. Schweiker,* 726 F.2d 311 (7th Cir.1983). The Secretary's reliance on this definition is misplaced. *McDonald* involved the question whether "final judgment" under Section 2412 meant the disposition of a claim by the district court, or whether it required the applicant to wait for a final ruling on appeal. The court held that while the applicant *may* apply for fees once the district court enters a judgment, the 30–day period for filing the EAJA petition does not begin until the district court's judgment becomes final and unappealable.[4] *Id.* at 315. *McDonald* is inapposite here since the present dispute involves whether an ALJ decision can be a "final judgment", as opposed to one by a district court.

Second, the Secretary cites *Wittkowski v. Bowen,* No. 5–88–C–46, slip op. (D.Minn. Nov. 7, 1988), for the proposition that the court should be chary to apply an overly technical definition of final judgment. *Wittkowski,* however, has no relevance to the present matter. In that case, the court held that a plaintiff can achieve "prevailing party" status by way of a settlement agreement rather than by a judgment in the formal sense. Significantly, the court found that an order of dismissal was sufficient to maintain its jurisdiction for purposes of the EAJA award. There is ample support for this proposition. *See Goodro v. Bowen,* 854 F.2d 313 (8th Cir.1988); *Premachandra v. Mitts,* 727 F.2d 717 (8th Cir.1984); *United Handicapped Federation v. Andre,* 622 F.2d 342 (8th Cir.1980).

However, the question of the 30–day deadline, much less whether an Appeals Council decision is sufficient to trigger it, was never reached.

## II

In light of the foregoing, it is necessary to identify why this court remanded the case to the Secretary in the first place. Appeals under Section 405(g) typically come to a resolution by way of crossmotions for summary judgment. Such was the case here. Plaintiff sought reversal of the Secretary's denial of benefits on the ground that it was not supported by substantial evidence; the Secretary sought affirmance on the ground that it was. Significantly, the court denied both motions. The court found that "the ALJ failed to fulfill his duty to develop the record" in that "[a]lthough he determined that additional evidence was needed, he did not obtain this evidence." *Wilson v. Bowen,* 85 C 6408 at 3, 1986 WL 6386 (June 2, 1986). In other words, the court held that this additional evidence was required before any final decision could be made. Hence, its remand order fell under sentence six of Section 405(g), and thus the court retained jurisdiction over the matter. Since there was no final judgment in this case, the EAJA 30–day period has not yet run.

## CONCLUSION

Fed.R.Civ.P. 58 requires that a judgment be set forth on a separate document. No such document exists here. Since the court is unaware of the terms of the judgment issued by the Secretary on remand, it will be necessary for the parties to submit a proposed judgment. At that time the court will approve plaintiff's supplemental fee request in the amount of $1,861.50, payable to his attorney, Frederick J. Daley.

IT IS SO ORDERED.

---

**4.** The Ninth Circuit reached the opposite result in *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983), although *McDonald's* conclusion was adopted in the 1985 Amendment to the EAJA. 28 U.S.C. § 2412(d)(2)(G).