946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alice JABAAY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-1104.
 United States Court of Appeals, Seventh Circuit.
 Oct. 23, 1991.
 
 Before WOOD, JR., MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 This matter initially came before the court on appeal of the district court's denial of appellant's petition for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (Supp.1991) ("EAJA"). On December 17, 1990, a decision was issued remanding the case for dismissal by the district court on grounds that appellant's fee petition was not filed within thirty days after a final judgment as required by the EAJA. The mandate was issued January 7, 1991. On January 25, 1991, the court granted appellant's motion to recall the mandate and to stay the proceedings pending the Supreme Court's decision in Melkonyan v. Sullivan, 895 F.2d 556 (9th Cir.1990).
 
 
 2
 On June 11, 1991, the Supreme Court issued its decision reversing Melkonyan. Melkonyan v. Sullivan, --- U.S. ----, 111 S.Ct. 2157 (1991). Pursuant to the court's order of January 25, 1991, both parties submitted status reports on the Supreme Court's decision in Melkonyan.
 
 
 3
 After careful consideration of the status reports, the briefs filed on appeal and the district court record, we find that appellant's fee petition was premature because there has been no final judgment by a court as required under the EAJA. Melkonyan v. Sullivan, --- U.S. ----, 111 S.Ct. 2157 (1991).
 
 
 4
 Therefore, the district court was without jurisdiction over this matter. Accordingly,
 
 
 5
 IT IS ORDERED, that the December 17, 1990 decision is vacated, and this case remanded to the district court for dismissal. IT IS FURTHER ORDERED, that appellees MOTION TO ISSUE THE MANDATE is denied.
 
 
 6
 IT IS FURTHER ORDERED, that once the district court has complied with Rule 58, any aggrieved party may file a notice of appeal. United States v. Indrelunas, 411 U.S. 216 (1973). Any new appeals will be submitted to this panel on the original briefs. The parties may file supplemental memorandum, not to exceed five pages, discussing the significance of the district court decision, once it is made, to grant or deny attorney's fees. After taking new appeals, counsel should alert the clerk of this court to this order so as to expedite resubmission of the case.