**VIBRA–TECH ENGINEERS, INC.,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America: U.S. Department of Interior: U.S. Bureau of Mines: R.J. Simonich, Contracting Officer, U.S. Bureau of Mines, Defendants-Appellants.**

**No. 84–1365.**

United States Court of Appeals,
Tenth Circuit.

March 31, 1986.

Harold J. Krent (Richard K. Willard, Acting Asst. Atty. Gen., Anthony J. Steinmeyer, Dept. of Justice, Washington, D.C., Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for defendants-appellants.

Dennis J. Riley (Peter N. Weiss, Spriggs, Bode & Hollingsworth, Washington, D.C., George W. Mueller, Jr., Burns, Wall, Smith & Mueller, Denver, Colo., with him on brief), Spriggs, Bode & Hollingsworth, Washington, D.C., for plaintiff-appellee.

Before BARRETT, LOGAN and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-Appellee Vibra-Tech Engineers, Inc. (Vibra-Tech) was awarded approximately $60,000.00 in attorneys' fees by the district court pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Defendant-appellant United States appeals this award of attorneys' fees, claiming that the position of the government was substantially justified, that even if an award of attorneys' fees is proper, such award should not include fees incurred in representation before the General Accounting Office (GAO), and that any award should be limited to the $75 per hour rate set forth in the EAJA. We affirm the district court's award of attorneys' fees but reduce the award for time expended in presenting its case to the GAO and limit the hourly rate to $75 per hour.

On May 12, 1982, the Department of the Interior issued a request for proposals to conduct a geologic study of vibrations from surface mine blasting. Vibra-Tech submitted a proposal and was selected as one of the five firms in the competitive range. Initial recommendations stated that the contract should be awarded to another firm, STS Consultants, Ltd. (STS), due to "greater value" to the government. However, upon review, it was decided that the award to STS was improperly based on cost and that the award should go to Vibra-Tech because of its superior technical rating. STS protested this decision to the GAO. The Interior Department again changed its mind and awarded the contract to STS. Vibra-Tech protested to the GAO and later filed for a temporary restraining order and permanent injunctive and declaratory relief in federal district court. The district court entered a stipulated preliminary injunction but postponed hearings on the permanent injunction pending a decision by the GAO.

The GAO rendered its decision on May 23, 1983, and affirmed the award to STS. Thereafter, the district court considered the GAO report, rejected the agency's conclusions, and ruled in favor of Vibra-Tech. By order dated July 28, 1983, the district court instructed the Department of Interior to terminate its contract with STS and to reinstate the contract with Vibra-Tech. The government filed various post-judgment motions, all of which were denied.

On August 26, 1983, Vibra-Tech moved for attorneys' fees and expenses incurred at the district court and the GAO proceedings. It requested approximately $36,490 at rates ranging between $75 and $45 per hour.[1] A second application was filed on December 6, 1983, for fees and expenses incurred in responding to the post-judgment motions. Approximately $24,000 was requested for this work, at rates ranging between $140 and $60 per hour. On January 16, 1984, the district court awarded Vibra-Tech the expenses and fees it requested in both applications.

A trial judge's ruling on an award of attorneys' fees pursuant to EAJA is to be modified only when there is a showing of an abuse of discretion. Under this standard, the trial court's conclusions of law are reviewable on a *de novo* basis, and its findings of fact are to be reversed only if clearly erroneous. *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486

1. These rates were specified in a fee agreement between Vibra-Tech and its attorneys which terminated when the district court granted the permanent injunction.

(10th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984).

■ Section 2412(d)(1)(A) provides for an award of attorneys' fees to a prevailing party in an action brought by or against the United States unless the court finds that the position of the United States is substantially justified or special circumstances make such an award unjust. The United States asserts that the position of the government was substantially justified, and the award of attorneys' fees was improper. After reviewing the record, we conclude that the trial court applied the proper standard in evaluating the "position of the government," and its factual findings are not clearly erroneous. The district court held that the termination of the contract was arbitrary and capricious and that the post-order motions were frivolous and filed for the purpose of delay. The district court, therefore, did not abuse its discretion in holding that the position of the government was not substantially justified and that some measure of attorneys' fees should be awarded to Vibra-Tech.

■ The government also asserts that attorneys' fees should not be awarded for representation before the GAO. The EAJA constitutes a waiver of sovereign immunity and must be construed strictly. *Action on Smoking and Health v. C.A.B.,* 724 F.2d 211, 225 (D.C.Cir.1984); *See generally Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983) (holding that waivers of sovereign immunity from attorneys' fees claims are to be construed strictly). Vibra-Tech admits that the civil action in federal

court was not a judicial review of the GAO decision within the meaning of 28 U.S.C. § 2412(d)(3).[2] Nor does Vibra-Tech contend that the GAO proceeding itself would give rise to an award of attorneys' fees as an adversary adjudication under 5 U.S.C. 504(a)(1).[3] Vibra-Tech simply contends that the GAO proceeding was an adjunct to the district court action, and the attorneys' fees incurred for its GAO claim were properly included in the award. The district court awarded fees for the GAO claim, reasoning that time spent on the GAO action is recoverable because certain matters were resolved by the administrative proceeding that otherwise would have consumed court time.

■ Costs and attorneys' fees may be awarded if incurred "in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). The GAO action was an administrative proceeding and, therefore, not "in any court having jurisdiction." It also was not a part of the district court action because it was not pursued at the direction of the court. The GAO protest was initiated two weeks before Vibra-Tech's complaint was filed in the district court. Although the district court waited for the GAO report before deciding the merits of the case, it had neither ordered nor requested the administrative action and, consequently, is not comparable to a proceeding before a special master or magistrate. Nor was the GAO action merely a discovery device, but rather, was an independent approach from which plaintiff could obtain full relief.[4] For these reasons,

2. 28 U.S.C. § 2412(d)(3) provides:
 In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to the Contract Disputes Act of 1978, the court shall include in that award fees and other expenses to the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.

3. 5 U.S.C. § 504(a)(1) provides:
 An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust.

4. We are cognizant that in limited situations one may recover attorneys' fees for unconventional discovery methods. *National Resources Defense*

the award of attorneys' fees for representation before the GAO was improper.

 The government also asserts that the award of attorneys' fees in excess of $75 per hour was not justified by the circumstances of this case and therefore not permitted pursuant to EAJA. We agree. An award in excess of $75 per hour may be awarded if the court determines that "a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In this case, the district court justified the higher rate on the basis of the counsel's exceptional qualifications and high degree of specialization in government contract law. The court also noted that such specialization and expertise was not available in the Denver area. Incomparable expertise, standing alone, will not justify the higher rate. An upward adjustment of the statutory rate is only to be made if the attorneys exceed the expected standards for attorneys of equal caliber. *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211, 219 (D.C.Cir.1984). No such finding was made by the district court.

 The "limited availability of counsel" exception to the $75 per hour limitation is confined to the unusual situation where appropriately specialized legal services cannot be obtained in the market for $75 or less. *Action on Smoking and Health v. C.A.B.*, 724 F.2d at 217. As noted earlier, the fees charged as in excess of the $75 per hour rate were incurred in Vibra-Tech's response to the government's post-order motions. Vibra-Tech's opposition to the motions included arguments that the motions were frivolous, filed for the purpose of delay, raised no new factual or legal questions that had not been fully litigated and were procedurally inadequate. *Council v. E.P.A.*, 703 F.2d 700 (3d Cir.1983).

No showing was made in the lower court that counsel with specialized expertise in government contract law was necessary to respond to the standard post-order motions of the government. Thus, the amount of the award that exceeds $75 per hour is not permitted by the "limited availability" exception.

In addition to the "limited availability of counsel" exception, the statute permits an award in excess of the $75 per hour rate if the court determines a higher rate is necessary because of an increase in the cost of living or other special factors. In this case, the district court justified the higher rate solely on the basis of counsel's expertise and specialization and the fact that such counsel could not be secured in the Denver area. The higher rate cannot be reconciled with these statutory exceptions and the award, therefore, is improper.

On remand, the district court will enter a judgment awarding attorneys' fees to plaintiff not to exceed $75 per hour for fees incurred in the district court proceeding and not including any fees incurred in pursuing its action before the General Accounting Office.

The order of the district court is reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

That situation is not present in this case.