**Zakhar MELKONYAN,
Plaintiff–Appellant,**

v.

**Margaret M. HECKLER, Secretary of
HHS, Defendant–Appellee.**

No. 87–5716.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1989.

Submission Withdrawn March 22, 1989.

Resubmitted April 5, 1989.

Decided Jan. 31, 1990.

John Ohanian, John Ohanian, Inc., Los Angeles, Cal., for plaintiff-appellant.

Michael R. Power, Assistant Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before WALLACE, CANBY and TROTT, Circuit Judges.

## ORDER

The opinion filed in the above case on June 30, 1989, is withdrawn.

## OPINION

WALLACE, Circuit Judge:

Melkonyan appeals from the district court's judgment denying his application for attorneys' fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Melkonyan challenges the court's conclusion that the position taken by the Secretary of Health & Human Services (Secretary) was "substantially justified." Because Melkonyan's EAJA application was not filed within the jurisdictional time limit, we vacate the judgment and remand for dismissal by the district court.

### I

On May 28, 1982, Melkonyan filed an application for supplemental security in-

come (SSI) disability benefits under Title XVI of the Social Security Act (Act). 42 U.S.C. §§ 1381 *et seq.* The application was denied. After a hearing, an administrative law judge (ALJ) again denied the application, determining that Melkonyan was not disabled within the meaning of the Act. The Appeals Council affirmed the ALJ's decision on April 9, 1984. On June 8, 1984, Melkonyan filed a complaint in district court seeking review pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the judicial review provisions of 42 U.S.C. § 405(g).

Meanwhile, on May 30, 1984, Melkonyan filed a new application for SSI disability benefits supported by new evidence of disability. He learned on August 9, 1984, that this application was approved.

On October 18, 1984, Melkonyan filed a motion in district court for summary judgment, which included the new evidence of his disability. The Secretary offered and Melkonyan refused a stipulated remand for further administrative proceedings. The Secretary then moved for a court-ordered remand pursuant to 42 U.S.C. § 405(g), which Melkonyan initially opposed and then supported. On April 5, 1985, the district court entered its order to remand.

On May 7, 1985, the Appeals Council vacated the ALJ's decision rejecting Melkonyan's original application, and determined that he was disabled as of the date of his original application. The determination of Melkonyan's benefits occurred on September 11, and he was paid on September 17, 1985. Melkonyan sought no further administrative or judicial review in connection with the award of benefits.

On May 19, 1986, Melkonyan filed a motion in district court for attorneys' fees and costs in a civil action against the United States pursuant to the EAJA, 28 U.S.C. § 2412(d). The Secretary opposed on the grounds that Melkonyan was not a "prevailing party," and that even if he were, the government's position had been "substantially justified." The court denied Melkonyan's request, holding that the government's position had been substantially justified. This appeal followed.

II

■ 28 U.S.C. § 2412(d)(1)(A) provides that a party prevailing in a suit against the United States or one of its agencies should receive attorneys' fees, costs, and other expenses incurred in the civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* A party requesting such an award must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The 30–day time limit is jurisdictional. *See Papazian v. Bowen,* 856 F.2d 1455, 1455–56 (9th Cir.1988) (*Papazian* ); *Barry v. Bowen,* 825 F.2d 1324, 1327–29 (9th Cir. 1987); *see also MacDonald Miller Co. v. NLRB,* 856 F.2d 1423, 1424 (9th Cir.1988) (so construing 30–day time limit in another section of the EAJA); *Columbia Manufacturing Corp. v. NLRB,* 715 F.2d 1409, 1410 (9th Cir.1983) (same). Final judgment in this context means "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). This definition applies to Melkonyan's case, which was pending when the definition was revised by amendments to the EAJA on August 5, 1985. Equal Access to Justice Act, Extension and Amendment, Pub.L. No. 99–80 § 7(a), 99 Stat. 183, 186 (1985) (EAJA Extension Act); *see McQuiston v. Marsh,* 790 F.2d 798, 800 (9th Cir. 1986) (*McQuiston II* ).

We must first consider the threshold jurisdictional question whether Melkonyan submitted his request within 30 days of final judgment, as defined by the EAJA Extension Act. The problem lies in identifying the relevant "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). We interpret the EAJA de novo. *Kali v. Bowen,* 854 F.2d 329, 331 (9th Cir.1988).

■ The district court order remanding to the agency for further administrative proceedings was not a final judgment for purposes of 28 U.S.C. § 2412(d)(1)(B). *Papazian,* 856 F.2d at 1455–56. There, an ALJ rejected Papazian's application for dis-

ability benefits under Title II of the Social Security Act on the grounds that Papazian was not disabled. *Id.* at 1455. The Appeals Council affirmed by denying review. *Id.* Papazian sought judicial review, but while his complaint was pending in district court, the parties agreed to a court order remanding for "further administrative proceedings." *Id.* at 1455–56. On remand, the Appeals Council found Papazian disabled and awarded him benefits. The district court concluded that Papazian's subsequent petition for fees was untimely because the 30 days since the remand order had expired. *Id.*

We reversed because neither the parties nor the district court intended the remand to end the litigation, particularly in light of the reference to "further administrative proceedings." *Id.* at 1456. Similarly, both parties here expected further administrative proceedings to follow the remand. Thus, the district court order of remand was not a "judgment that is final and not appealable" and therefore did not trigger the 30–day period. *See also Swenson v. Heckler,* 801 F.2d 1079, 1080 (9th Cir.1986) (holding that claimant who obtains order of remand not entitled to EAJA fees, but basing decision on "prevailing party" rather than "finality"); *Singleton v. Bowen,* 841 F.2d 710, 711–12 (7th Cir.1988) (same).

In *Papazian,* after the Appeals Council awarded the claimant benefits, the district court adopted the decision and entered it as its own judgment. 856 F.2d at 1455. We looked to this district court judgment, rather than the Appeals Council's award of benefits, in determining what constituted the final judgment for purposes of section 2412(d)(1)(B). *Id.* at 1455–56. Here, however, the district court entered no such judgment. We are faced with a problem not confronted by us in *Papazian:* If the remand order lacks finality, and there is no subsequent district court order, what event triggers the 30–day time limit prescribed by 28 U.S.C. § 2412(d)(1)(B)? We are forced to resolve this problem because our jurisdiction rests on its outcome.

Pursuant to 28 U.S.C. § 2412(d)(1)(B), the 30–day time limit is triggered by a "final judgment in the action." Section 2412(d)(2)(G) goes on to define a "final judgment" as "a judgment that is final and not appealable." On May 7, 1985, the Appeals Council vacated the ALJ's original decision rejecting Melkonyan's application, and determined that he was disabled as of the disability onset date that he alleged in his original application. We must determine whether this decision constituted a "final judgment" within the meaning of section 2412(d)(2)(G) and triggered the 30–day period for seeking EAJA fees under section 2412(d)(1)(B).

■ As we held in *McQuiston II,* the 30–day period does not begin to run until the time to appeal expires. 790 F.2d at 800. Ordinarily, this means that the 30–day period will start 65 days after the date on the notice of the Secretary's determination of eligibility for benefits. *See* 20 C.F.R. §§ 416.1401, 1481, 1483 (1988) (60 days to seek district court review of the Appeals Council decision, plus 5 days between date of notice and date notice deemed received). However, where, as here, the Secretary determines that the claimant was disabled as of the disability onset date that the claimant alleged in his original application, the 30–day period begins to run immediately upon the decision of the Appeals Council. This rule is appropriate because the Secretary's decision is "not appealable" by either the claimant or the Secretary. We do not need to address the question of when the Secretary's remand decision which is either partially favorable or unfavorable to a claimant becomes a final judgment.

The decision by the Appeals Council constitutes the final decision of the Secretary. *Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 2252, 104 L.Ed.2d 941 (1989). Section 405(g) entitles only an "individual" to appeal the Secretary's decision. *Jones v. Califano,* 576 F.2d 12, 18 (2d Cir.1978). Thus, the Secretary would not have standing or reason to complain of his own final decision. Likewise, if a claimant wholly prevails on his claim, he would have no reason to appeal that decision.

We, therefore, conclude that the "final judgment" in Melkonyan's action was rendered on May 7, 1985. But Melkonyan did not move for EAJA fees until more than one year after this "final judgment." The district court therefore lacked subject matter jurisdiction to entertain his application. 28 U.S.C. § 2412(d)(1)(B); *Papazian*, 856 F.2d at 1455–46. Accordingly, we do not reach the question whether the government's position was substantially justified. Instead, we vacate and remand to the district court for dismissal.

In making our decision, we are confronted with what appears to be a different approach to this problem by a sister circuit. In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983) (*Guthrie*), the Fourth Circuit ordered the district court to direct the Secretary to make the filing 42 U.S.C. § 405(g) describes. *Id.* at 106. After this filing, the Fourth Circuit directed the district court to enter a final judgment so that the section 2412(d)(1)(B) 30–day period would begin. *Id.; accord Brown v. Secretary of Health & Human Services*, 747 F.2d 878, 884–85 (3d Cir.1984); *see also* H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19–20 (1985), *reprinted in* 2 1985 U.S.Code Cong. & Admin.News 132, 148 (legislative history of 1985 amendments to EAJA stating that neither remand to agency nor agency decision after remand constitutes final judgment; approving *Guthrie* and *Brown* holdings that district court order after Secretary makes required post-remand filing constitutes "final judgment" triggering 30–day period).

*Guthrie*'s approach is troublesome. While section 405(g) requires the Secretary to file the new decision and findings after remand, it does not confer upon the district court any independent power to review the post-remand filing. The agency's decision may be reviewed by the district court only if a claimant appeals within the 60–day time limit. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 416.1401, 1481 (1988). The Secretary's post-remand decision is reviewable only to the extent that the agency's original decision and findings were reviewable. 42 U.S.C. § 405(g). Unless the ordinary procedural requirements for judicial review

of an agency decision are met, we are at a loss to find a basis for the district court to enter any order or judgment affirming, modifying, reversing or remanding the Secretary's post-remand filing. Nor do we see any advantage to such an approach. Established procedures already allow a claimant dissatisfied with the Secretary's decision on remand to secure judicial review. 20 C.F.R. §§ 416.1401, 1481 (1988). In such a case, the section 405(g) requirement that the Secretary furnish the findings, decision, and record supplements the claimant's appeal. If the Secretary's decision is wholly in favor of the claimant, we are hard pressed to see a need for the overburdened district courts to deploy scarce judicial resources in a sua sponte "affirmation" of uncontested eligibility decisions.

More importantly, *Guthrie* was decided before the 1985 EAJA amendment which effectively redefined "final judgment" as "a judgment that is final and not appealable." *See* 28 U.S.C. § 2412(d)(2)(G); *McQuiston II*, 790 F.2d at 800. *Guthrie* explicitly relied on the "common usage" definition of final judgment articulated in *McQuiston v. Marsh*, 707 F.2d 1082, 1085 (9th Cir.1983), which *McQuiston II* held had been overruled by the 1985 amendment. *McQuiston II*, 790 F.2d at 800; *Guthrie*, 718 F.2d at 106. The Fourth Circuit assumed that final judgment meant the type of judgment provided under Fed. R.Civ.P. 54, a judgment only a court could enter. 718 F.2d at 106. Thus, only a court's judgment could be a final judgment triggering the 30–day period to submit an application for EAJA fees. *Id.* The revised statute, aside from its use of the term "judgment," gives us no reason to think that this is so. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G). It does not appear, therefore, that we should interpret "judgment" in this context as requiring a judgment by a court. For these reasons, we do not remand this case ordering the district court to enter a final judgment with the thought that the section 2412(d)(1)(B) 30–day period would begin.

Our approach not only sets definite limits for purposes of finality, but it also benefits

560

individuals seeking EAJA awards under section 2412 in similar circumstances. Rather than wait for the Secretary to make a post-remand filing and wait for that filing to be affirmed by the district court, such individuals may seek EAJA awards as soon as the agency's action on remand becomes a "final judgment" under section 2412(d)(2)(G).

We therefore vacate the judgment of the district court and remand this case for dismissal for lack of subject matter jurisdiction.

VACATED AND REMANDED WITH INSTRUCTIONS TO DISMISS.