Joey **GUTIERREZ**, Plaintiff,

v.

Louis **SULLIVAN**, Secretary of Health
and Human Services, Defendant.

Civ. No. 88–C–0331A.

United States District Court,
D. of Utah, C.D.

April 18, 1990.

Maureen L. Cleary and Ward W. Harper, Legal Services, Salt Lake City, Utah, for plaintiff.

Dee Benson, U.S. Atty. and Richard D. Parry, Asst. U.S. Atty., Salt Lake City, Utah, for defendant.

ORDER

ALDON J. ANDERSON, Senior District Judge.

## I. INTRODUCTION

Before the court is plaintiff's motion for entry of final judgment and award of attorneys fees. The court heard oral argument on these motions on February 20, 1990, and took the motions under advisement.

Plaintiff, Joey Gutierrez, originally filed a complaint with this court contesting a decision of the Secretary of Health and Human services denying him disability insurance and supplemental income benefits under the Social Security Act. Finding that the Secretary had not met his burden of proof in showing that plaintiff had the capacity to perform other jobs in the national economy, the court remanded the case to the Secretary of Health and Human Services for further review. Subsequently, on June 8, 1989, the Appeals Council issued its final decision that plaintiff was disabled under Titles II and XVI of the Social Security Act. On July 18, 1989, the Secretary forwarded to plaintiff's counsel a signed Stipulation and Order of Dismissal. Plaintiff did not sign the stipulation, but, on December 12, 1989, filed a motion for entry of final judgment and award of attorney's fees. Potentially at issue in this case is: (1) whether the application for attorney's fees was timely filed; (2) whether the government's position in the initial litigation was substantially justified; (3) whether an enhancement of the $75.00 per hour maximum in attorney's fees is justified by cost of living increases since 1981; and (4) whether the number of hours claimed by the plaintiff's attorneys is reasonable. A decision as to the above issues must be postponed, however, until this court enters a final judgment in this case. At present, this court is unable to enter final judgment because the Secretary has yet to file any modified findings of fact and decision with the court as required by 42 U.S.C. § 405(g).

## II. ANALYSIS

The Equal Access to Justice Act (EAJA) allows the prevailing party in a civil suit to

recover attorney's fees against the United States whenever the government's position in the original litigation was not substantially justified. 28 U.S.C. § 2412(d)(1)(A) (1989).[1] The EAJA statutorily requires that a petition for attorney's fees be filed within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B) (1989).[2] This requirement is a " 'mandatory jurisdictional condition' " and "[f]ailure to submit the application within 30 days bars an award" under the EAJA. *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir.1987) (citations omitted); *see also Vibra–Tech Engineers, Inc. v. United States*, 787 F.2d 1416, 1419 (10th Cir.1986) (noting that the "EAJA constitutes a waiver of sovereign immunity and must be construed strictly").

Defendant claims that plaintiff's fee request was untimely. Defendant claims that the "final judgment" occurred on June 8, 1989 when the Appeals Council issued its final decision that plaintiff was disabled under Titles II and XVI of the Social Security Act. Because plaintiff's request for attorney's fees was not filed until December 12, 1989, a full six months after "final judgment," defendant argues that the thirty-day period for filing expired, and thus plaintiff's claim is barred. Plaintiff, on the other hand, claims that a "final judgment" has yet to occur in this case. Plaintiff contends that the Appeals Council's final decision was not a "final judgment" as defined by the EAJA. Plaintiff further contends that the term "final judgment" in the EAJA contemplates a final order by this court to commence the thirty-day filing period. Thus, the issue before the court is whether the term "final judgment" contemplates a final order by this court or whether the final decision of the Appeals Council is sufficient to constitute a "final judgment."

The EAJA, as amended in 1985, defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G) (1989). Though this language, at first glance, appears to be clear, federal courts are split as to its application.

The most recent case to deal with the application of the term "final judgment" was *Melkonyan v. Heckler,* 895 F.2d 556 (9th Cir.1990). The facts of the instant case closely parallel those in *Melkonyan.* In Melkonyan the plaintiff moved for attorneys fees more than a year after a favorable decision by the Appeals Council. The Ninth Circuit held that the final decision of the Appeals Council was the "final judgment" contemplated by the EAJA. The Ninth Circuit further held that the period for filing attorneys fees began to run immediately upon the Appeals Council's decision, because that order was not appealable. The court noted:

> The decision by the Appeals Council constitutes the final decision of the Secretary. *Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 2252, 104 L.Ed.2d 941 (1989). Section 405(g) entitles only an "individual" to appeal the Secretary's decision. *Jones v. Califano,* 576 F.2d 12, 18 (2d Cir.1978). Thus, the Secretary would not have standing or reason to complain of his own final decision. Likewise, if a claimant wholly prevails on his

---

1. Section 2412(d)(1)(A) of the EAJA provides:
   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
   28 U.S.C. § 2412(d)(1)(A) (1989).

2. Section 2412(d)(1)(B) provides in pertinent part:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award ..., and the amount sought, including an itemized statement ... stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified.
28 U.S.C. § 2412(d)(1)(B) (1989).

claim, he would have no reason to appeal that decision.

*Id.* at 558. Because the plaintiff did not file his motion for attorneys fees within 30 days of the Appeals Council's decision, the Ninth Circuit held that his motion was untimely, and thus barred. *See also Wagaman v. Bowen,* 698 F.Supp. 187 (D.S.D. 1988) (holding in accord with *Melkonyan*).

The result in *Melkonyan,* however, is inconsistent with other case law and with the legislative history of the 1985 amendments to the EAJA. The most persuasive case in opposition to the holding in *Melkonyan* is *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983). The facts in *Guthrie* closely mimic the facts in *Melkonyan* and those of the case presently before the court. The Fourth Circuit, however, held that "the procedure set forth in 42 U.S.C. § 405(g) contemplates additional action both by the Secretary and a district court before a civil action is concluded following a remand." *Id.* at 106; *see also Thompson v. Sullivan,* 715 F.Supp. 1019 (D.Kan. 1989). Thus, the "final judgment" requirement was not satisfied until the district court entered such an order. The *Guthrie* court remanded the matter to the district court and ordered it to direct the Secretary to file the papers required by § 405(g).[3] The district court could then enter a "final judgment" and the plaintiff could reapply for attorneys fees.

The Ninth Circuit in *Melkonyan* acknowledged the *Guthrie* decision, but found that it had been legislatively overruled. *Melkonyan* noted that *Guthrie* was decided before the 1985 EAJA amendment which redefined the term "final judgment" as "a judgment that is final and not appealable." *Melkonyan,* 895 F.2d at 559, *quoting* 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit found that *Guthrie* was inconsistent with the amended language of the statute, and thus, refused to follow the Fourth Circuit's holding. The Ninth Circuit's conclusion, however, that *Guthrie* has been legislatively overruled, appears implausible

in light of the legislative history of the 1985 amendments to the statute.

The legislative history of the 1985 amendments to the EAJA explicitly follows the Fourth Circuit's holding in *Guthrie.* The legislative history states that neither the judicial remand to the agency nor the agency decision after remand constitutes final judgment. H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19–20 (1985), *reprinted in* 2 1985 U.S.Code Cong. & Admin.News 132, 148 (1985), *citing Guthrie.* Had Congress intended to overrule the result in *Guthrie,* it certainly would not have cited *Guthrie* with approval in the legislative history. In fact, the legislative history strongly implies that Congress intended that courts continue to follow *Guthrie.* Furthermore, the legislative history to 28 U.S.C. section 2412(d)(2)(G) states that "[t]his section should not be used as a trap for the unwary resulting in the unwarranted denial of fees." *Id.* at 146 n. 26. Indeed, a result contrary to the legislative history would present a trap for the unwary who relied on its authority when filing for attorneys fees.

Additionally, the Supreme Court recently cited with approval *Guthrie's* holding, that "final judgment" requires district court action. *See Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Because the Supreme Court decided *Hudson* after the 1985 amendments, it is strong evidence that *Guthrie* has not been overruled.

In applying the holding in *Guthrie* to the present case, it is clear that a "final judgment" has not yet been rendered. Both *Guthrie* and the legislative history to 28 U.S.C. section 2412(d)(2)(G) require the district court to enter a "final judgment" after the decision of the Appeals Council, after which the filing period for attorneys fees will start to run. Before the court can enter "final judgment" in this case the Secretary must file with the court those

---

**3.** 42 U.S.C. § 405(g) states in pertinent part: the Secretary shall, after the case is remanded, ... file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.
42 U.S.C. § 405(g).

documents required by 42 U.S.C. § 405(g). The court will then review those documents and enter "final judgment," after which the plaintiff may renew his motion for attorneys fees under the EAJA. Therefore, the court orders the defendant to file with this court the documents required by 42 U.S.C. § 405(g), so that "final judgment" may be entered.

IT IS SO ORDERED.