Dal G. BRADLEY, Plaintiff,

v.

SECRETARY OF the UNITED STATES
DEPT. OF HEALTH AND HUMAN
SERVICES, Defendant.

Civ. No. 87–4117.

United States District Court,
D. Idaho.

June 26, 1990.

Teresa L. Sturm, Hopkins French Crockett Springer & Hoopes, Idaho Falls, Idaho, for plaintiff.

Maurice O. Ellsworth, U.S. Atty., George W. Breitsameter, Asst. U.S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM DECISION

CALLISTER, Senior District Judge.

The Court has before it plaintiff Dal G. Bradley's application for attorneys fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff's counsel also seeks approval of an award payable out of the past due benefits pursuant to 42 U.S.C. § 406(b)(1). The Secretary of Health and Human Services (Secretary) opposes the EAJA fee application as well as any fees pursuant to 42 U.S.C. § 406(b)(1).

On November 4, 1985, plaintiff filed an application for disability insurance. Such a request was denied on January 17, 1986, whereupon the plaintiff filed a request for hearing before an Administrative Law Judge (ALJ). On November 25, 1986, the ALJ rendered a finding that plaintiff was not disabled because the plaintiff retained a residual functional capacity to perform light work and that plaintiff could return to his past relevant work as a security guard. Plaintiff's request of the appeal's council to review the ALJ decision was denied and plaintiff filed a complaint in the United States District Court for the District of Idaho. In an order of remand dated January 24, 1989, United States Magistrate Mikel H. Williams remanded the case to the Secretary for rehearing. After remand, the plaintiff received a favorable decision

by the ALJ on November 27, 1989, whereupon plaintiff was found to be disabled and entitled to a period of disability dating back to January 31, 1985, and to disability insurance benefits as amended. Finally, the appeals council determined that plaintiff was entitled to Social Security benefits commencing July of 1985.

Counsel for plaintiff has now filed a motion for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as well as for the approval of a fee pursuant to 42 U.S.C. § 406(b)(1). The Government objects to the Court's granting either motion on the grounds that neither are timely. The Court will address the Government's objection as to both of those issues.

■ First, the Government maintains that the motion for fees under EAJA was not timely filed since it should have been filed no later than February 26, 1990. This deadline is arrived at by starting with the day of the ALJ's decision, November 27, 1989, adding sixty days for appeal, and adding another thirty days pursuant to 28 U.S.C. § 2412(d)(1)(B).[1] In support of its position, the Government relies upon the Ninth Circuit case of *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990). In that case the Ninth Circuit concluded that the time limit on a claimant's application for attorneys fees and costs under the EAJA begins to run immediately upon the decision of the appeals council. It does not depend upon a final judgment entered in the district court. In ruling the way it did, the Ninth Circuit also acknowledged that its decision is not in line with the decision of a "sister circuit" in *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), *see also Gutierrez v. Sullivan*, 734 F.Supp. 969, (1990), No. 88–C–0331A (D.Utah, April 18, 1990). In *Guthrie*, the Fourth Circuit ordered the district court to direct the Secretary to make the filing that 42 U.S.C. § 405(g) requires. Specifically, section 405(g) provides in part:

> [T]he Secretary shall, after the case is remanded, and after hearing such addi-

tional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, *and shall file with the court any such additional and modified findings of fact and decision and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.* Such additional and modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. *The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.* (Emphasis added.)

It is interesting to note that the Court in *Melkonyan*, when addressing the above language, stated:

> Unless the ordinary procedural requirements for judicial review of an agency decision are met, we are at a loss to find a basis for the district court to enter any order or judgment affirming, modifying, reversing or remanding the Secretary's post-remand filing. Nor do we see any advantage to such an approach.... *If the Secretary's decision is wholly in favor of the claimant, we are hard-pressed to see a need for the overburdened district courts to deploy scarce judicial resources in a sua sponte 'affirmation' of contested eligibility decision.* [Emphasis added.]

*Melkonyan*, 895 F.2d at 559.

This Court reads the Ninth Circuit decision in *Melkonyan* for the proposition that when the Secretary's decision is wholly in favor of the claimant, there is no need to file any additional pleadings with the district court. That proposition is entirely different from the one before this Court. Here, there is no question, and the Government even concedes, that the Secretary's decision was not wholly in favor of Dal Bradley. Given this distinction between this case and *Melkonyan* as well as Congress' specific language set forth in 42

---

1. There is also a question concerning five days mailing time. However, such has no bearing on the outcome of this case.

U.S.C. § 405(g), this Court finds that plaintiff's motion is not time-barred.

The *Melkonyan* court also distinguished the *Guthrie* decision on the grounds that that decision was decided before the 1985 EAJA amendment which effectively redefined "final judgment" as "a judgment that is final and not appealable." *See* 28 U.S.C. § 2412(d)(2)(G). This distinction is interesting for two reasons. First and foremost, in a decision handed down June 12, 1989, the United States Supreme Court cited *Guthrie v. Schweiker* with approval. *Sullivan v. Hudson*, —— U.S. ——, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989). Secondly, the legislative history of the 1985 amendments to the EAJA specifically state that neither the judicial remand to the agency nor the agency decision after remand constitutes final judgment. H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at 19–20 (1985), reprinted in 1985 U.S.CODE CONG. & AD-MIN.NEWS 132, 42 U.S.C. § 405(g), 148 (1985). In fact, this Court reads the legislative history to strongly imply that Congress intended that courts continue to follow the *Guthrie* decision. Such an implication is gathered from the following excerpt from the legislative history:

> In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), the Court pointed to the provision of 42 U.S.C. 405(g) providing that after the HHS review upon remand the agency must file its finding with the reviewing court. Thus the remand decision is not a 'final judgment,' nor is the agency decision after remand. Instead, the district court should enter an order affirming, modifying, or reversing the final HHS decision, and this will usually be the final judgment that starts the thirty days running.

*Id.*

Finally, when Congress clarified the definition of the term "final judgment," it sought to comment on such. In fact, it stated that: "This section should not be used as a trap for the unwary resulting in the unwarranted denial of fees." *Id.* at 146, n. 26.

■ Given the legislative history behind the 1985 amendments, it is difficult, if not impossible, for this Court to understand the position of the Ninth Circuit concerning the 1985 EAJA amendments. In applying the holding in *Guthrie* to the present case, it is clear that "a final judgment" has not yet been rendered. Before the Court can *ordinarily* enter "final judgment" in a case, the Secretary must file those documents required by 42 U.S.C. § 405(g). In this case, the Secretary has failed to comply with the requirements of 42 U.S.C. § 405(g); however, such compliance would be futile given plaintiff's filing of those required documents. Under the circumstances here, the Court finds that documents filed by the plaintiff are sufficient for this Court to enter a final judgment.

Now that the Court has determined that a motion under EAJA is not time-barred, it must still rule on whether or not plaintiff should be able to recover under the Act. The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust.

28 U.S.C. § 2412(d)(1)(A).

■ It is undisputed in this matter that the plaintiff is the prevailing party. Thus the only remaining issue is whether or not the Secretary's position was substantially justified. After it is determined that the plaintiff is the prevailing party, the burden shifts to the Government to show that the Secretary's position was "substantially justified." *Wolverton v. Schweiker*, 533 F.Supp. 420 (D.Idaho 1982). In determining whether the Secretary was substantially justified, the Court must review both the underlying Government conduct at issue and the totality of the circumstances before and during the course of this litigation.

*Barry v. Bowen,* 825 F.2d 1324 (9th Cir. 1987).

In the present case, the Secretary has not met its burden in proving to this Court that its position was substantially justified. Part of the ALJ's original decision was based upon the theory that the plaintiff could return to his former work as a security guard. In his order of remand, United States Magistrate Mikel H. Williams clearly rejected such a position. Additionally, the Court later reiterated the testimony of Dr. Powell who stated that plaintiff could not lift more than ten pounds on a daily basis, and that such opinion was entitled to great weight. For these reasons the Court finds that the position of the Secretary was not substantially justified and will award attorneys fees under the EAJA.

The second part to the Government's objection concerns plaintiff's request for fee approval pursuant to 42 U.S.C. § 406(b). Specifically, the Government asserts that there must first be a final judgment issued by the Court in order to properly file for attorneys fee approval under § 406(b). The Government maintains that there has been no final judgment issued in this case and since 42 U.S.C. § 405(g) requires the request for such a judgment to be made within sixty days from the final decision of the Secretary, the motion for attorneys fees under § 406(b) is not proper. The Court disagrees with the Government's position, in that it is the Secretary who must comply with the provisions of § 405(g) before a final judgment can be entered.[2]

The Court must next determine whether the amount requested is a reasonable fee. This is computed by taking the number of hours reasonably expended and multiplying it by the reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Here, plaintiff represents to the Court that she has spent 20.75 hours while appearing in federal court. The Court finds this number of hours to be reasonable.

Next the Court must determine the reasonable hourly rate. In the past, the cap on the hourly rate which an attorney could charge was $75.00 per hour. However, recently the Ninth Circuit approved an increase in that amount for inflationary purposes. *Ramon–Sepulveda v. I.N.S.,* 863 F.2d 1458 (9th Cir.1988). There, the court set the amount at $94.00 based on a cost-of-living increase. In the past this Court, as well as the United States Magistrate Court for the District of Idaho, has followed this cost-of-living increase. Accordingly, the Court will do so here.

Finally, the provisions of 42 U.S.C. § 406(d) do not preclude the application for fees under the EAJA. *Wolverton v. Heckler,* 726 F.2d 580 (9th Cir.1984). Under § 406(b) the award is taken out of the claimant's disability money subject to a 25% maximum. The EAJA authorizes an award against the United States and thus serves as a reimbursement to the claimant for fees paid out of his or her disability award to counsel. Since the fees are awarded under statutes, however, the attorney must refund to the client the amount of the smaller fee. P.L. 99–80, § 3, 99 Stat. 186. Here, since both fees are the same, the Social Security Administration shall award directly to the plaintiff the amount approved under 42 U.S.C. § 406(b)(1).

## JUDGMENT

The Court has before it plaintiff Dal G. Bradley's motion for award of attorneys fees pursuant to 28 U.S.C. § 2412 and approval of a fee pursuant to 42 U.S.C. § 406(b)(1). In accordance with the views expressed in the memorandum decision accompanying this judgment,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's petition for attorneys fees

---

**2.** One exception to this requirement is that specified by this Court earlier in the memorandum decision.

pursuant to 28 U.S.C. § 2412(d)(1)(A) be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's application for fees pursuant to 42 U.S.C. § 406(b) be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Social Security Administration, in accordance with 42 U.S.C. § 406(b)(1), is hereby directed to award to plaintiff the sum of $2,070.50.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that under 28 U.S.C. § 2412 plaintiff have judgment against defendant United States in the amount of $1,950.50 (20.75 hours at $94.00 per hour) for attorneys fees as well as $120.00 for the cost of filing this action for a total of $2,070.50.