**Karl LEWIS**

v.

**Louis W. SULLIVAN, M.D., etc.**

**Civ. A. No. 89–652.**

United States District Court, E.D. Louisiana.

Dec. 17, 1990.

Gerald David Issokson, Barkan & Neff, New Orleans, La., for plaintiff.

Jill Lynn Ondrejko, U.S. Atty's. Office, New Orleans, La., for defendant.

**ORDER AND REASONS**

FELDMAN, District Judge.

Karl Lewis applied to the Social Security Administration for benefits alleging disability since February 1984 due to neck pain, stomach pain, and depression. The state agency and the Social Security Administration denied benefits both initially and on reconsideration. On July 27, 1988, after de novo review and an evidentiary hearing, an administrative law judge concluded that Karl Lewis was not disabled within the meaning of the Social Security Act. On

December 19, 1988, the Appeals Council refused Lewis' request for review.

On March 6, 1990, pursuant to section 205(g) of the Social Security Act (42 U.S.C. § 405(g)), Lewis filed a civil action in this Court seeking review of the Secretary's final decision denying him benefits under the Act. On March 7, 1990, the Court remanded the matter to the Secretary for further proceedings. The Court directed the Secretary to conduct an additional hearing for the purpose of taking evidence from a qualified vocational rehabilitation expert to determine whether plaintiff is unable to perform his past relevant work.

On September 24, 1990, Mr. Lewis filed a "Protective Application for Attorney Fees under the Equal Access to Justice Act" (EAJA). The Secretary did not oppose the motion. Considering Lewis' September 24th application, the Court reviewed the entire record. At that time, the record reflected no action by the Secretary since the Court had remanded the matter on March 7, 1990. The Court, therefore, concluded that because there had been no further determination by the Secretary, Mr. Lewis' application was necessarily untimely. The memorandum offered by Mr. Lewis in support of his application did not only fail to mention that the Secretary had in fact disposed of the matter on remand, it was totally silent with regard to any post-remand action taken by the Secretary.

Lewis is once again before the Court. He moves the Court to reconsider its earlier order denying his application as untimely. This time Lewis explains that the Secretary issued a decision [1] in his favor on July, 17, 1990 and that the period for *sua sponte* review by the Appeals Council expired on September 15, 1990. The Secretary does not dispute this fact.

██ What the Secretary does dispute is (1) Lewis' original contention that the Secretary's decision in his favor on remand is not a "final judgment" within the meaning of the EAJA until affirmed or reversed by this Court, and (2) if the Secretary's deci-

sion is a final judgment within the EAJA, whether Karl Lewis can, by filing an incomplete application within the allotted 30 days, interrupt the running of the 30 day period until he can complete his application. The Secretary contends that Karl Lewis must submit a complete application within 30 days of the final disposition by the Secretary or forfeit his right to apply for attorney fees.

According to the relevant portion of the EAJA,

> [a] party seeking an award of fees or other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party ...

28 U.S.C. § 2412(d)(1)(B). Four conditions must be fulfilled before a court can make an award of fees pursuant to the EAJA. First, the claimant must file an application within 30 days of "final judgment in the action." *Id.; Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985). Because timeliness of the application is a jurisdictional requirement, it is a preliminary condition that must be satisfied before the Court can consider the merits of Lewis' application for EAJA fees. *Russell v. National Mediation Bd.,* 764 F.2d 341 (5 Cir.1985).

The jurisdictional requirement as it is implicated here is unusually problematic. The 30 day period in which the application must be filed begins to run when there has been a "final judgment in the action." However, various courts are at odds with each other in their definition of what constitutes a "final judgment in the action" in factually similar social security benefits cases under the EAJA.

The Fourth Circuit, like many other courts, has held that there is no final judg-

---

**1.** In addition, Lewis attaches to his motion for reconsideration a copy of the Secretary's deci-

sion in his favor.

ment when the district court remands the matter to the Secretary for further disposition. *Guthrie v. Schweiker,* 718 F.2d 104 (4 Cir.1983); *see also Melkonyan v. Heckler,* 895 F.2d 556 (9 Cir.1990); *Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711 (Fed.Cir.1986). In *Guthrie* the Fourth Circuit further held that because section 205(g)[2] of the Social Security Act, 42 U.S.C. § 405(g), requires additional action by the Secretary after remand, there is no "final judgment" under the EAJA until the Secretary files the new decision, and the district court either affirms, modifies, or reverses that decision. *Id.; see also Brown v. Secretary of Health & Human Services,* 747 F.2d 878, 884 n. 7 and accompanying text (3 Cir.1984).

The Ninth Circuit, on the other hand, recently held that a decision by the Appeals Council on remand may be "a 'final judgment' within the meaning of section 2412(d)(2)(G) and [trigger] the thirty-day period for seeking EAJA fees under section 2412(1)(d)(B)." *Melkonyan v. Heckler,* 895 F.2d 556 (9 Cir.1990). According to the Ninth Circuit, the Secretary's final decision that a claimant is disabled as he originally alleged triggers the running of the limitation period. The Ninth Circuit noted Congress' 1985 amendment to the EAJA, clarifying that the judgment of a court is "final" under the EAJA when a party's right to appeal has lapsed, and reasoned that its conclusion was appropriate because the Secretary's decision in such a case is no longer appealable by either the claimant or the Secretary. *Id.* at 558; *see also* S.919, S.Rep. No. 98–568, 98th Cong., 2d Sess. 16 (1984). *Melkonyan* has been both criticized and rejected. *See e.g., Bradley v. Secretary of U.S. DHHS,* 741 F.Supp. 1461 (D.Idaho 1990); *Gutierrez v. Sullivan,* 734 F.Supp. 969, 970–71 (D.Utah 1990); *see also Myers v. Sullivan,* 916 F.2d 659 (11 Cir.1990).

■ The criticism, which the Court finds persuasive, focuses primarily on the Ninth Circuit's rejection of the applicability of section 405(g) and its interpretation of the legislative history preceding the 1985 amendments to the EAJA. *Id.* In *Bradley* and *Gutierrez* the district courts questioned *Melkonyan's* efforts to distinguish *Guthrie* on the ground that it was decided before Congress amended the EAJA in 1985 to clarify that an EAJA "final judgment" is one that is no longer contestable on appeal. *Bradley,* 741 F.Supp. at 1464; *Gutierrez,* 734 F.Supp. at 970–971. They noted that a recent Supreme Court case, *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989) cited *Guthrie* with approval. *Bradley* and *Gutierrez* also pointed out that the legislative history of the 1985 amendments more readily supports the conclusion that Congress intended that courts continue to follow the *Guthrie* decision. *Id.* Congressional intent is amply magnified with this comment:

> In *Guthrie* (citation omitted) the Court pointed to the provision of 42 U.S.C. § 405(g) in providing that after the HHS review upon remand the agency must file its findings with the reviewing court. Thus the remand decision is not a "final judgment," *nor is the agency decision after remand.* Instead, the district court should enter an order affirming, modifying, or reversing the HHS decision, and this will usually be the final judgment that starts the thirty days running.

*Id.* (emphasis added) (quoting from H.R. Rep. No. 120, 99th Cong., 1st Sess., pt. 1, at pp. 19–20 (1985), reprinted in 1985 U.S.Code Cong. & Admin.News, pp. 132, 148, 42 U.S.C. § 405(g) (1985); *see also, Taylor v. Heckler,* 778 F.2d 674, 678 n. 4 (1985) (citing same language in support of its conclusion that "a claimant who has obtained a

**2.** Section 205(g) of the Social Security Act provides judicial review to all claimants who have been denied benefits by a final decision of the Secretary. 42 U.S.C.A. § 405(g) (West 1983). Under section 205(g), after a district court remands a matter to the Secretary for further proceedings, the Secretary "shall ... modify or

affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action modifying or affirming was based." 42 U.S.C.A. § 405(g) (West 1983).

remand order from the district court cannot apply for a fee under the Act until the administrative process has come to an end and the district court has entered a final judgment). The Court finds this observation instructive and helpful. Although the reasoning of *Melkonyan* has appeal, it seems to have disregarded a structure only Congress can correct.[3]

The Fifth Circuit has not yet addressed this issue. However, in *Russell v. National Mediation Bd.*, 764 F.2d 341 (5 Cir. 1985), the Fifth Circuit spoke to the meaning of "final judgment" under the EAJA within the context of a suit by union members against the National Mediation Board for arbitrary denial of their "Application for Investigation of Representational Dispute." *Id.* at 343. That case did not involve, as does this case, a final administrative decision on remand from a district court. *Id.* Nonetheless, *Russell* provides some conceptual guidance.

In *Russell* the Fifth Circuit held that a judgment of a district court was a "final judgment" under the EAJA when it was no longer appealable. *Id.* at 346. The reasoning of the Court of Appeals nowhere suggests that the idea of "final judgment" equates with an administrative decision. In *Russell,* moreover, the Fifth Circuit relied primarily on the 1985 amendments. *Id.* Thus, because the Court on reconsideration is convinced that *Melkonyan* was resolved erroneously, the Court rescinds any language in its previous order that suggests the contrary conclusion.

■ As the Court was recently informed, the Appeals Council rendered a favorable decision to Lewis on July 7, 1990. The time for *sua sponte* review by the Council expired on September 15, 1990. However, because the decision will become final within the meaning of the EAJA only after this Court has had the opportunity to affirm, reverse, or modify the Secretary's decision on remand in accordance with section 405(g), the Court once again must deny Lewis' application as premature.

Accordingly, Lewis' application for and award of EAJA fees is DENIED without prejudice.

---

**3.** The Ninth Circuit acknowledged the legislative scheme presented no problem when the claimant loses administratively and a district court then enters its own judgment on appeal from the Appeals Council's determination. *Compare Papazian v. Bowen,* 856 F.2d 1455 (9 Cir.1988). But the Ninth Circuit was confounded because in *Melkonyan,* as here, the district court entered no such judgment (the claimant prevailed administratively). As the court framed its quandry:

> We are faced with a problem not confronted in *Papazian:* If the remand order lacks finality, and there is no subsequent district court order, what event triggers the 30–day time limit prescribed by 28 U.S.C. § 241(d)(1)(B)?

895 F.2d at 558

Because section 405(g) presently requires the Secretary to make post-remand filings to this Court, the result here seems more faithful to the certain intent of Congress, although one may question the wisdom of the present review structure.