926 F.2d 399
 32 Soc.Sec.Rep.Ser. 490, Unempl.Ins.Rep. CCH 15953A
Hurley F. RICHARD, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
Paul LEGER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 Nos. 90-4597, 90-4604
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 28, 1991.
Rehearing and Rehearing En Banc
Denied Feb. 28, 1991.
 
 Lonnie R. Smith, Southwest Louisiana Legal Services Soc., Inc., Lake Charles, La., for plaintiffs-appellants.
 Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., Christopher Carillo, Asst. Reg. Counsel, Rodney A. Johnson, Asst. Reg. Counsel, DHHS, Karen J. Sharp, Chief SS Br., Dallas, Tex., for defendant-appellee.
 Appeals from the United States District Court for the Western District of Louisiana.
 Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.
 POLITZ, Circuit Judge:
 In these cases which we have consolidated for appeal, Hurley Richard and Paul Leger appeal the denial of their motions for judgment following successful post-remand administrative actions in which the Secretary of Health and Human Services granted them the benefits they sought. For the reasons assigned we affirm the judgment of the district court in each case.Background
 The issue presented by these appeals is whether 42 U.S.C. Sec. 405(g) contemplates further judicial action after a post-remand decision by the Secretary which grants the claimant's requested benefits. A collateral question posed by the present cases is whether the post-remand decision by the Secretary is to be deemed a "final judgment" for purposes of the Equal Access to Justice Act, 28 U.S.C. Sec. 2412.
 
 
 1
 Leger unsuccessfully sought Title II and Title XVI disability benefits and petitioned under 42 U.S.C. Sec. 405(g) for judicial review of the administrative rejection of his claims. The district court upheld the Secretary's decision and Leger appealed. Pending appeal the Secretary and Leger sought a dismissal of the appeal and a return of the matter to the Secretary for further administrative proceedings. In those proceedings Leger's claims were granted in full.
 
 
 2
 Leger moved to reopen the proceedings in district court, seeking a summary judgment confirming the administrative award. The obvious purpose of such a decree was to set the predicate for a timely request for attorney's fees under the EAJA. The matter was referred to a magistrate judge who recommended that the motion be denied on the grounds that the court had no authority to render a judgment confirming a favorable post-remand administrative decision. The magistrate judge found persuasive the reasons and conclusions of our Ninth Circuit colleagues in Melkonyan v. Heckler, 895 F.2d 556 (9th Cir.), cert. granted, --- U.S. ----, 111 S.Ct. 669, 112 L.Ed.2d 662 (1990), that a claimant may seek judicial review only of an unfavorable administrative decision. The district court adopted the magistrate judge's recommendations and dismissed Leger's action.
 
 
 3
 Richard likewise unsuccessfully sought disability benefits and petitioned for judicial review of his unfavorable administrative decision. Pending action by the district court the Secretary requested a remand for further administrative proceedings. In those proceedings Richard prevailed and was awarded benefits.
 
 
 4
 As had Leger, Richard petitioned to reopen the case in district court, seeking a judgment confirming the administrative decision. Again, the purpose of the requested judgment had nothing to do with the award or receipt of benefits by Richard, but was intended to serve as the predicate for a timely request for attorney's fees under the EAJA. The matter was referred to a magistrate judge who recommended denial of the motion because Richard had been successful in his administrative action and thus had no basis for seeking judicial review. The district court adopted this recommendation.
 
 Analysis
 
 5
 Under 42 U.S.C. Sec. 405(g)[1] a claimant may secure judicial review of an adverse decision by the Secretary. The court may affirm, modify, or reverse the decision by the Secretary or it may remand, on its own motion or at the request of the Secretary, for further administrative proceedings.
 
 
 6
 The remand orders in the cases at bar were entered at the request of the Secretary. The court did not remand with specific instructions to the Secretary relative to the post-remand administrative proceedings, nor did the court retain jurisdiction or direct the Secretary to report the results of the subsequent administrative proceedings. Further, it is manifest that neither the remand order of the appellate court in Leger's case nor the remand order of the trial court in Richard's action was a ruling on the merits.
 
 
 7
 Appellants argue that the language of section 405(g), which directs the Secretary to report back to the court after a remand for further administrative proceedings,[2] applies equally to those remands initiated by the court and those remands requested by the Secretary, and without regard to whether the subsequent administrative decision granted or denied the applicant's request for benefits. We are cognizant of authority which offers support for that proposition. See, e.g., Myers v. Sullivan, 916 F.2d 659 (11th Cir.1990); Taylor v. Heckler, 778 F.2d 674 (11th Cir.1985); Guthrie v. Schweiker, 718 F.2d 104 (4th Cir.1983); Sullivan v. Hudson, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) (citing with approval Guthrie v. Schweiker ); Gutierrez v. Sullivan, 734 F.Supp. 969 (D.Utah 1990).
 
 
 8
 We are not persuaded, however, that a remand requested by the Secretary, before the court has addressed the merits of the claimant's action, requires a post-remand report of an administrative decision in the claimant's favor. The statute otherwise militates for it directs that the additional findings or subsequent decision "shall be reviewable only to the extent provided for review of the original findings of fact and decision." 42 U.S.C. Sec. 405(g); Sullivan v. Finkelstein, --- U.S. ----, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). It should be apparent that a claimant may seek judicial review only of an unfavorable decision, one could hardly petition for review of a decision which awards all of the benefits sought. Further, the Secretary is precluded from appealing his own decision; section 405(g) permits of such action only by an "individual," clearly referring to one claiming benefits.
 
 
 9
 We conclude that absent specific direction by the court in its order or orders of remand, the Secretary is not required to report to the court his or her findings or decision if benefits are awarded to the claimant in the post-remand administrative proceedings. We conclude that Congress provided for judicial review of the administrative process only when benefits are denied a claimant, in whole or in part.
 
 
 10
 Finally, with reference to the collateral question posed on appeal we conclude that for purposes of the EAJA, in these consolidated cases, the favorable action by the Secretary was the "final judgment"[3] contemplated by 28 U.S.C. Sec. 2412(d)(1)(A) & (B). Appellants argue that a final judgment under the EAJA can only refer to a judgment by the court. The circuits are split on this issue and the Supreme Court recently granted certiorari in a case addressing same. Melkonyan. We recognize that there is substantial support for the proposition that only a judgment of the court constitutes a "final judgment" within the meaning of the EAJA. Guthrie v. Schweiker, 718 F.2d at 106 (the final judgment requirement is not satisfied until the district court judgment is entered); Taylor v. Heckler, 778 F.2d at 677-78 ("[A] claimant who has obtained a remand order from the district court cannot apply for a fee under the Act until the administrative process has come to an end and the district court has entered a final judgment."); Gutierrez v. Sullivan, 734 F.Supp. at 971; H.R.Rep. No. 120, 99th Cong., 1st Sess., pt. 1 at 19-20 (1985) reprinted in 2 1985 U.S.Code Cong. & Admin.News 132, 148 (observing that a district court order after post-remand administrative decision is a "final judgment" for purposes of the EAJA).
 
 
 11
 We are, however, not persuaded to that view. The EAJA defines a final judgment as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. Sec. 2412(d)(2)(G). We perceive the final judgment contemplated by the EAJA to be more embracive than a judgment under the Federal Rules of Civil Procedure. We join our colleagues in the Sixth, Seventh, and Ninth Circuits in reaching that conclusion. Melkonyan; Gordon; and Jabaay v. Sullivan, 920 F.2d 472, (7th Cir.1990). We view an administrative decision in favor of the claimant as final, for it addresses the merits, and such a decision obviously is not appealable by either the Secretary or the successful claimant. It is, therefore, a final judgment for EAJA purposes. To require some process of "certification" or "validation" by the district court would result only in a useless exercise wasting scarce judicial resources. We abjure such an exercise and hold that the Secretary's final post-remand decisions in favor of Leger and Richard were final judgments for purposes of the EAJA.
 
 
 12
 The judgment in each of the consolidated cases is AFFIRMED.
 
 
 
 [1]
 42 U.S.C. Sec. 405(g) provides in pertinent part:
 Any individual, after any final decision of the Secretary ... may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides.... The court shall have the power to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause.... The court may, on motion of the Secretary ... remand the case to the Secretary for further action by the Secretary....
 
 
 [2]
 Section 405(g) provides in pertinent part:
 The court may ... at any time order additional evidence to be taken before the Secretary ... and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision.... Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.
 
 
 [3]
 28 U.S.C. Sec. 2412(d)(1)(A) pertinently provides:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 28 U.S.C. Sec. 2412(d)(1)(B) provides:
 A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application....